563 A.2d 1262

**COMMONWEALTH of Pennsylvania**

v.

**Steven TURNER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1989.

Filed Sept. 15, 1989.

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before TAMILIA, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

■ This is an appeal from a judgment of sentence for robbery, criminal conspiracy, and possession of a prohibited offensive weapon. Appellant contends that his trial counsel was ineffective for failing to (1) move to suppress appellant's confession; (2) object to a comment made by the prosecutor during his summation; and (3) move for a new jury when co-defendant was granted a severance. Appellant also contends that his post trial counsel was ineffective for failing to preserve these issues for appeal.[1] For the reasons that follow we disagree and, accordingly, affirm the judgment of sentence.

Appellant was arrested on October 14, 1985 pursuant to a warrant based upon information collected during an investigation of a series of bar robberies. Robbery victims had positively identified appellant and an accomplice had named appellant as a participant in several robberies. Appellant

---

1. Appellant's claims were not raised in post trial motions. Because present counsel replaced post trial counsel after appellant was sentenced, the ineffectiveness claims, raised at the first opportunity, may now be considered by this Court. *Commonwealth v. Holmes,* 482 Pa. 97, 105 n. 3, 393 A.2d 397, 401 n. 3 (1978).

was interviewed by a police detective and, after waiving his rights, gave an oral statement in which he admitted committing several of the robberies. The detective prepared a list of robberies to which appellant had confessed and, on October 17, 1985, he reviewed this list with appellant. Subsequently, at appellant's request, on October 22, 1985, a formal written statement of confession was taken. Prior to trial, appellant moved to suppress this statement. On January 28, 1987, the trial court denied the motion and the case went to trial. Appellant's trial began as a joint trial with co-defendant Joseph Bowie. After jury selection was completed, but prior to the presentation of evidence, appellant's trial was severed from his co-defendant. On January 29, 1987, the jury found appellant guilty of three counts of robbery, and single counts of criminal conspiracy and possession of a prohibited offensive weapon. New counsel filed post verdict motions, which were denied. On October 22, 1987, the trial court sentenced appellant to a total of thirty-five to seventy years imprisonment. Present counsel was appointed to replace post trial motions counsel and this timely appeal ensued.

Appellant's contentions are based upon prior counsels' alleged ineffectiveness. When confronted with a claim of ineffective assistance of counsel, a reviewing court must consider three things:

There are three elements to a valid claim of ineffective assistance. We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Sullivan*, 472 Pa. 129, 371

A.2d 468 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

*Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

■ The issue underlying appellant's first claim of ineffectiveness is that his confession should not have been ruled admissible because it was not voluntarily and freely given. When reviewing the trial court's ruling on the admissibility of a confession, we must

> determine whether the factual findings are supported by the record. "In making this determination, we are to consider only the evidence of the prosecution's witnesses and so much evidence of the defense as, fairly read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Goodwin*, 460 Pa. 516, 522, 333 A.2d 892, 895 (1975). If, when so viewed, the evidence supports the factual findings we are bound by such findings; we may only reverse if the legal conclusions drawn therefrom are in error. . . .

*Commonwealth v. Johnson*, 467 Pa. 146, 151–52, 354 A.2d 886, 889 (1976). *See also Commonwealth v. Fahy*, 512 Pa. 298, 309, 516 A.2d 689, 695 (1986). Appellant specifically contends that his confession should not have been admitted because Detective Rago induced him to make it with a promise of a "deal" from the District Attorney. In order for a confession to be admissible it must be freely and voluntarily given. *Commonwealth v. Taylor*, 494 Pa. 399, 403, 431 A.2d 915 (1981). A confession "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Malloy v. Hogan*, 378 U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964) (quoting *Bram v. United States*, 168 U.S. 532, 542–543, 18 S.Ct. 183, 186–187, 42 L.Ed. 568 (1892)).

■ At the suppression hearing, Detective Rago testified to the events surrounding appellant's arrest and subsequent confession. Appellant was arrested on October 14, 1985. After appellant was taken into custody, he was read

his rights at which point he made a statement to Detective Rago. On October 22, 1985, at appellant's request, Detective Rago along with another officer returned to take a formal typewritten statement from appellant. N.T. January 21, 1987 at 243–251. Detective Rago denied that he had offered appellant a "deal" in exchange for his statement. The detective further testified that the reference to appellant's cooperation was included in his written statement only because appellant himself insisted that it be mentioned. *Id.* at 265–266. The trial court held appellant's confessions to be "knowingly, intelligently and willingly" given. N.T. January 28, 1987 at 10. A careful review of the record does not contradict this finding. Because his underlying claim lacks merit, appellant's derivative claim of ineffective assistance must necessarily fail.

Appellant's second claim of ineffectiveness arises from trial counsel's failure to object to a statement made by the prosecutor in summation.[2] Appellant's objection is based upon the following statement:

You were selected on this jury because the attorneys felt that you could be fair and impartial and you would be true to your oath, and *regardless of the evidence* you would return a verdict based upon what you thought to be the truth.

N.T. January 29, 1989 at 62 (emphasis supplied). Our Supreme Court has noted that:

even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." The effect of such remarks depends upon the atmosphere at trial.

*Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975) (citations omitted). *See also Commonwealth v.*

---

**2.** Appellant also contends that post trial motions counsel was ineffective for failing to preserve this issue for appeal.

*Graham*, 522 Pa. 115, 560 A.2d 129 (1989). Here, although the prosecutor's comment was inaccurate, we are satisfied that it was not of such a moment as to render the jury incapable of rendering a true verdict. After the statement, the court instructed the jurors that they must consider the evidence and that "it's your recollection of the evidence that is controlling." N.T. January 29, 1987 at 84. Later, the court stated:

Now, [m]embers of the jury, *this case must be decided solely on the evidence* and the various inferences that can be drawn from the evidence. You're not to speculate and you're not to guess, but *you must base your decision on the evidence or lack of evidence.*

*Id.* at 86 (emphasis added). Thus throughout the trial the jury was reminded to keep an open mind and to consider the evidence in reaching their verdict. In light of the court's emphasis, we are satisfied that the prosecutor's isolated reference did not render the jury incapable of understanding their duty and rendering a true verdict. Because appellant's claim based upon the prosecutor's statement lacks arguable merit, his claim of ineffective assistance of counsel must fail.

Finally, appellant alleges that counsel was ineffective for failing to move for a new jury after his trial was severed from that of his co-defendant. Under the rules of criminal procedure, appellant would have been entitled to seven peremptory challenges had he gone to trial alone. Pa.R.Crim.P. 1126(a)(2). Appellant contends that because the jury was selected jointly, he was deprived of three of his peremptory challenges.[3] Appellant has failed to show how he was prejudiced by being deprived of an opportunity to exclude three more jurors.

At trial, the following exchange occurred regarding the motion to sever:

---

**3.** Actually, appellant contends that he was deprived of four peremptory challenges. Because appellant and his co-defendant shared eight challenges, appellant was entitled to exercise four challenges. Had he gone to trial alone, he would only have received another three challenges.

224

The Court: Now what's your objection to the severance at this time?

Mr. Fulton [appellant's counsel]: Well, [appellant] believes first of all, that in view of the fact or the jury that we have selected right now was selected along with Mr. Bowie that for us to proceed with a jury that he has not selected himself since that's what we would be doing at this time is going to trial by himself that he was forced to share peremptory strikes with Mr. Bowie that there was some decision making made during the course of selection which involved Mr. Bowie and that the panel doesn't or that the jury as has been selected, doesn't actually reflect or necessarily reflect the type of jury he would have selected had he chosen it himself if we had been here by ourselves.

The Court: I'm going to deny that. He participated in the jury selection and as a matter of fact, as I recall, all four. I watched you, Mr. Booker and the two defendants, and all participated in all eight strikes. I think that is a fair statement to say[.] I think you will have to agree with me.

Mr. Fulton: I think that part of the problem, Judge that in the normal course of affairs he would have been entitled to seven strikes on his own.

The Court: I'm aware of that.

Mr. Fulton: And as a result of the selection of the jury between himself and Mr. Booker he in essence only received four strikes.

The Court: I know but I watched during the jury selection and all four that's you, the two attorneys and the two defendants cooperated on the selection on the exercise of all eight strikes.

Isn't that fair?

Mr. Fulton: *There was cooperation. I would say that yes we discussed during the choosing.*

N.T. January 28, 1989 at 5–7 (emphasis supplied). As the above excerpt reveals, appellant cooperated with his co-defendant in the decision of which jurors to strike. Appellant

has failed to allege any specific prejudice that he suffered through the joint selection of his jury. Moreover, appellant makes no specific allegations regarding which of the remaining jurors he would have stricken had he been given the opportunity. Our Supreme Court has noted that:

[a]ssertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Because appellant has failed to show how he was prejudiced by the trial being severed after jury selection we must conclude that his final claim of ineffective assistance of counsel must fail.

For the foregoing reasons we affirm the judgment of sentence.

Judgment of sentence affirmed.