661 A.2d 3

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jeffrey NESTER.**

Superior Court of Pennsylvania.

Argued March 8, 1995.

Filed June 8, 1995.

158

Iva C. Dougherty, Asst. Dist. Atty., Reading, for Com., appellant.

Emmanuel H. Dimitriou, Reading, for appellee.

Before DEL SOLE, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge:

The Commonwealth of Pennsylvania appeals the order entered by the trial court which granted defendant's motion to suppress certain pre-trial statements. We affirm.

On February 7, 1994, a caseworker from Berks County Children and Youth Services (CYS) received a report of suspected child abuse concerning K.K. The caseworker, Michelle Kauffman, called K.K.'s mother requesting that she, defendant (her paramour), and K.K. come to the CYS office

for a meeting. Once there, Ms. Kauffman separately interviewed K.K., her mother, and defendant. During his interview, defendant confessed to placing his penis in the child's mouth.

Police subsequently arrested defendant and charged him with involuntary deviate sexual intercourse,[1] aggravated indecent assault,[2] indecent assault,[3] indecent exposure,[4] and endangering the welfare of a child.[5] Defendant filed an Omnibus Pretrial Motion seeking suppression of his statement to the Berks County Children and Youth Services (hereinafter "CYS") caseworker. After a hearing, the trial court granted defendant's motion.

The Commonwealth timely appealed the trial court's order and now raises two issues for our review:

**A. WHETHER THE LOWER COURT ERRED IN APPLYING THE *MIRANDA* STANDARD TO MS. KAUFFMAN'S INTERVIEW WITH [DEFENDANT]?**

**B. WHETHER THE LOWER COURT ERRED IN SUPPRESSING [DEFENDANT'S] STATEMENT AS INVOLUNTARY BASED SOLELY ON HIS SUBJECTIVE NERVOUSNESS?**

We shall address these issues in order.

The Commonwealth first argues that the trial court improperly applied the standard set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) in determining whether defendant voluntarily gave a statement to CYS concerning the alleged abuse. Although an appeal from a suppression ruling is interlocutory, the Commonwealth may appeal upon certification that the suppression order substantially handicaps prosecution. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

1.  18 Pa.C.S.A. § 3123.
2.  *Id.* § 3125.
3.  *Id.* § 3126.
4.  *Id.* § 3127.
5.  *Id.* § 4304.

■■■ Without question, it is the province of the suppression court to make findings of fact and conclusions of law as to whether evidence was obtained in violation of an accused's constitutional rights. *Commonwealth v. Tuck,* 322 Pa.Super. 328, 332, 469 A.2d 644, 646 (1983). The standard of review which governs a ruling on a motion to suppress is well-settled. An appellate court must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. *Commonwealth v. Oglialoro,* 377 Pa.Super. 317, 318, 547 A.2d 387, 387 (1988) *aff'd,* 525 Pa. 250, 579 A.2d 1288 (1990). In reviewing an appeal taken by the Commonwealth from a suppression order,

> we must consider only the evidence of the defendant's witnesses and so much of the Commonwealth's evidence that, read in the context of the record as a whole, remains uncontradicted. Furthermore, our scope of appellate review is limited primarily to questions of law. We are bound by the suppression court's findings of fact if those findings are supported by the record. Factual findings wholly lacking in evidence, however, may be rejected.

*Commonwealth v. Bennett,* 412 Pa.Super. 603, 606, 604 A.2d 276, 277 (1992) (citations omitted).

■■■ In *Miranda, supra,* the United States Supreme Court established a conclusive presumption that all confessions or admissions made during a period of custodial interrogation are, intrinsically, compelled in violation of the Fifth Amendment's privilege against self-incrimination. *Miranda v. Arizona,* 384 U.S. at 467, 86 S.Ct. at 1624. The threshold requirements necessitating *Miranda* warnings are (1) custodial interrogation; and (2) government involvement. *Commonwealth v. Ramos,* 367 Pa.Super. 84, 89, 532 A.2d 465, 467 (1987). Here, defendant was not in "custody" at the time of the questioning. Accordingly, the law did not require the CYS caseworker to advise defendant of his rights under *Miranda.*[6]

---

**6.** Moreover, we note that *Miranda* warnings are not required in the context of a state or county official receiving inculpatory statements.

■ However, in order for a confession to be admissible, it must be freely and voluntarily given. *Commonwealth v. Taylor,* 494 Pa. 399, 403, 431 A.2d 915, 917 (1981). *Accord Commonwealth v. Turner,* 387 Pa.Super. 217, 221, 563 A.2d 1262, 1264 (1989), *appeal granted,* 526 Pa. 634, 584 A.2d 317 (1990). A confession "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Malloy v. Hogan,* 378 U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964) (quoting *Bram v. United States,* 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–87, 42 L.Ed. 568 (1892)). If the confession is not freely given,

> if [the defendant's] will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.... The line of distinction is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession.

*Culombe v. Connecticut,* 367 U.S. 568, 604, 81 S.Ct. 1860, 1880, 6 L.Ed.2d 1037 (1961) (citation omitted). *Accord Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 149, 239 A.2d 426, 430 (1968).

■ The record in the instant case supports the trial court's finding that appellant's confession was not voluntary. Testimony at the suppression hearing established that defendant waited at the CYS office approximately one and one-half hours prior to being interviewed. N.T. 7/15/94 at 7, 8. Defendant's "interview" lasted approximately one hour and fifteen minutes. *Id.* at 14. Although the CYS caseworker gave defendant a "rights" letter to read, defendant never stated that he read or understood the contents of the letter. *Id.* at 9, 10. Defendant only informed the caseworker that he had no questions regarding the letter. *Id.*

During the course of the interview, defendant began to shake excessively. *Id.* at 26. Although defendant denied the

---

*Commonwealth v. Arnold,* 356 Pa.Super. 343, 353, 514 A.2d 890, 895 (1986) (citing *Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984)).

allegations made by the caseworker, the caseworker informed defendant that if he did not talk to her, he would have to talk to the police and "it would be a lot harder talking to the police than it would be to her." *Id.* at 29. The caseworker also indicated that if defendant cooperated, he would receive counseling. *Id.* at 20. Defendant testified that he was under the impression that if he did not talk to the caseworker, he would go to jail that night. *Id.* Moreover, defendant indicated that he did not feel free to leave CYS. *Id.* at 33. The interview terminated when the caseworker called emergency personnel to treat defendant for possible suicidal tendencies. *Id.* at 24, 26.

We find that under this scenario, defendant did not issue a voluntary confession. The caseworker's threat of police involvement, coupled with the implied promise of counseling if defendant cooperated, acted together to negate the voluntariness of defendant's statement. Under such circumstances, we find no error on the part of the trial court in granting defendant's motion to suppress his confession.

Order affirmed.

FORD ELLIOTT, J., dissents.