J-S50021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :   PENNSYLVANIA

                        :

               v.                     :

                        :

AARON MICHAEL LEONARD       :

                        :

           Appellant       :   No. 21 WDA 2018

Appeal from the PCRA Order November 27, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000233-2015

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:             FILED NOVEMBER 27, 2018

Aaron Michael Leonard appeals from the order entered in the Court of Common Pleas of Jefferson County, on November 27, 2017, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq.  In this timely appeal, Leonard claims the PCRA court erred in finding his trial counsel had not provided ineffective assistance in relation to Leonard's guilty plea.  After a thorough review of the Appellant's brief,[1] relevant law, and the certified record, we affirm.  Additionally, we vacate the registration requirements imposed on Leonard as unconstitutional, pursuant to Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). Accordingly, we remand for resentencing.

_____

[1] The Commonwealth has opted not to file a brief, relying upon the reasoning set forth in the PCRA court's 1925(a) opinion.

While Leonard was a minor, he sexually abused several other minors, some of them infants. The incidents went unreported until Leonard sought therapeutic help. His therapist, upon learning of Leonard's actions, was required to inform the authorities of the admissions. Leonard was ultimately charged with 43 counts of indecent assault, complainant less than 13 years old, 18 Pa.C.S. § 3126(a)(7). While this crime is a first-degree misdemeanor, pursuant to the Sex Offender Registration and Notification Act (SORNA),[2] it is classified as a Tier III offense. See 42 Pa.C.S. § 9799.14(d)(8). Because of this classification, upon conviction, a defendant is required to register, pursuant to 42 Pa.C.S. § 9799.15(3), for life. On October 7, 2015, Leonard entered into a negotiated guilty plea, wherein he pled guilty to five counts of section 3126(a)(7) in exchange for five years of probation and the Commonwealth would dismiss counts 6 through 43. Subsequently, Leonard went through the process of determining whether he was a sexually violent predator (SVP). The Sexual Offender Assessment Board returned a recommendation that Leonard was not an SVP. Accordingly, on February 3, 2016, sentence was imposed on Leonard, as agreed, and pursuant to the Tier III classification of his offenses, Leonard was ordered to lifetime registration. No post-sentence motion challenging the sentence or direct appeal was filed.

On March 6, 2017, the last day allowable, Leonard filed the instant counseled PCRA petition, claiming trial counsel had provided ineffective

_____

[2] 42 Pa.C.S. § 9799.10 et seq.

assistance by incorrectly informing him that he was pleading guilty to two counts, not five; that he would receive two years' probation, not five; and he would not be required to register for life. The PCRA court held a hearing on the claims on May 31, 2017, at which Leonard and trial counsel, Gary Knaresboro, Esq., testified. Subsequently, after hearing the testimony and reviewing prior notes of testimony, the PCRA court denied Leonard relief. This appeal followed.

Initially, we note, "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." Commonwealth v. Pew, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

Our review of the certified record demonstrates the PCRA court's findings of fact and analysis are both supported by the record and free from legal error. We believe nothing need be added to the discussion. Accordingly, we affirm the denial of relief based upon the PCRA court's well-reasoned Pa.R.A.P. 1925(a) opinion dated November 27, 2017. The parties are directed to attach a copy of the opinion in the event of further proceedings.

Finally, our review of the certified record leads us to conclude that Leonard was subjected to an illegal sentence when registration requirements found in SORNA were imposed. Leonard's criminal acts took place between the years 2002 and 2007. See Criminal Complaint, Affidavit of Probable Cause. However, SORNA became effective on December 20, 2012. See 42

Pa.C.S. § 9799.10. The effective date of the registration requirements is five years after Leonard's criminal activity ceased. In Commonwealth v. Muniz, supra, our Supreme Court held that such retroactive application of SORNA's registration requirements was unconstitutional. Accordingly, the registration requirements imposed upon Leonard must be vacated.[3]

We are also cognizant that our Legislature has recently enacted 42 Pa.C.S. § 9799.51 et seq,[4] which, we believe, was intended to replace those unconstitutional provisions and applications of SORNA. Accordingly, this matter is remanded to the trial court for a hearing on the applicability of the newly enacted registration provisions found in 42 Pa.C.S. § 9799.51 et seq.[5] Said hearing is to be held within 90 days of the return of the certified record.

Order affirmed. Registration requirements vacated. This matter is remanded for proceedings consistent with this decision. Jurisdiction relinquished.

_____

[3] See Commonwealth v. Randal, 837 A.2d 1211, 1214 (Pa. Super. 2003) (en banc) (illegal sentence is subject to sua sponte review).

[4] Subchapter I.

[5] If the sentencing court finds the new law is inapplicable, the court and the parties shall also determine which, if any, prior sex offender registration/notification law is applicable.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/27/2018

IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

FILED

COMMONWEALTH OF PENNSYLVANIA   :

                               :        2011 NOV 27 P 1: 04

vs.                            :        CP-33-CR-233-2015

                               :

AARON MICHAEL LEONARD,         :

Defendant                      :

## OPINION ON DEFENDANT'S PCRA PETITION

### Introduction

The defendant, Aaron Michael Leonard ("Leonard"), filed a counseled PCRA petition on March 6, 2017. He and his prior attorney, Gary Knaresboro, Esq. ("Knaresboro"), testified at a PCRA hearing approximately ten weeks later. Knaresboro, Leonard hoped to prove, rendered ineffective assistance counsel by erroneously advising him about the terms of the Commonwealth's plea offer and the attendant sex offender registration requirements, thereby inducing him to enter unknowing and involuntary guilty pleas. The Court subsequently ordered the court reporter(s) to transcribe Leonard's plea and sentence hearings, which are relevant to the question of what Leonard knew at the relevant time. Both have now been filed, thus completing the PCRA record.

### Findings of Fact

In an information filed July 27, 2015, the Commonwealth charged Leonard with 42 counts of Indecent Assault for criminal acts he committed against 5 different victims while still a juvenile. Authorities became aware of his conduct after he revealed it to his therapist, who was a mandatory reporter. Attorney Knaresboro became involved while the charges were still in the magisterial district court and proceeded as though the case were going to trial. He recognized, though, that his client's admissions made trial a risky proposition and took the initiative to negotiate a favorable plea deal.

Knaresboro initially proposed that Leonard plead guilty to 2 counts of Indecent Assault in exchange for 2 years of probation. Leonard was amenable to that suggestion, but the district attorney was not; he countered with an offer of 5 and 5—1 count and 1 year of probation for each victim—and was unwilling to consider anything lower. Knaresboro was not happy; he thought the offer heavy-handed under the circumstances and expressed his displeasure to his client and his client's grandparents. He knew, however, that Leonard wanted very much to avoid



SCANNED

prison time; that a jury would likely convict him if he went to trial; and that the judge tended to run sex offenders' sentences consecutively. He thus recommended the district attorney's offer.

Knaresboro met with the defendant multiple times to discuss the terms and sentencing ramifications of the plea deal. He made sure Leonard knew he was agreeing to 5 counts for 5 years' probation and that he would be obligated to comply with SORNA's registration requirements for the rest of his life. Leonard's grandparents, who had been involved with the process from the beginning, were less than pleased about the latter, but it was ultimately their grandson's decision, and he opted to accept the burden of registration rather than risk going to prison. He thus signed a guilty plea colloquy reflecting that he was pleading guilty to Indecent Assault, a first-degree misdemeanor with a statutory maximum of 5 years and a standard range minimum up to 9 months in prison. The terms of the plea agreement, as plainly written on the form, were "5YRS PROBATION."

On the record, the district attorney recited the 5 specific counts to which Leonard would be pleading guilty in exchange for concurrent 5-year probationary sentences, and Leonard confirmed that he understood the terms of the agreement, the statutory maximum penalties he could receive, and the rights he was waiving by pleading guilty. (Plea Transcript, 10/07/2015, pp. 2-6). He then pled guilty to Indecent Assault. (*Id.* at 6). The Court clarified, "To each of the five counts?" (*Id.*). "Yes," the defendant confirmed. (*Id.*).

As required, Leonard underwent an assessment with the Sexual Offender Assessment Board ("SOAB") because of the nature of his offenses. He participated in one of the two scheduled interviews and was ultimately found not to meet the criteria for a sexually violent predator. That left only the sentencing hearing.

Leonard's grandparents accompanied him to the sentencing hearing, where his grandfather publicly voiced his misgivings about the defendant's SORNA obligations. "I just don't know, you know, because that labels him for years, this Megan's List. I just – I don't know how fair that is," he said. (Sentencing Transcript, 02/03/2016, p. 4). Leonard elected not to allocute, (*see id.* at 3), and the Court sentenced him consistent with the terms of the plea agreement, delineating each sentence for the first, second, third, fourth, and fifth counts. (*Id.* at 5-7). "So the sum and substance, you'll be on probation for five years," it concluded. (*Id.* at 7). Leonard said he understood. (*Id.*).

After hearing the defendant's acknowledgement, the Court reminded him that he was subject to SORNA and proceeded to read the relevant provisions. "Pursuant to 42 PA CSA

2

9799.10, having been convicted of Indecent Assault, you're hereby informed of the following duties *for the rest of your life*," it began. (*Id.*) (emphasis added). It then detailed how, when, and where he was required to register, advised him that he had to be photographed by and provide fingerprints, palm prints, and a DNA sample to the state police, and asked whether he understood his SORNA obligations. (*Id.* at 7-12). The defendant again answered in the affirmative, (*id.* at 12), and signed the acknowledgement on the "Notification of Registration and Verification Requirements" form without comment. He then left the courtroom for the second time having never asked why he was pleading to 5 counts instead of 2 or why he was being put on probation for 5 years instead of 2. Nor did he question his status as a Tier 3 offender required to register for the remainder of his life.

Leonard's grandparents were very involved in the defense process from the start, and after their grandson man was sentenced, Knaresboro discussed the appeal process with them, including what it would cost and his assessment that there was little chance of success. He could not recall whether Leonard was present during that conversation but knew that his grandparents decided against pursuing an appeal on his behalf. The defendant did not advise Knaresboro independently that he wanted to appeal.

## Discussion

Under the three-prong test delineated in *Commonwealth v. Travaglia*, 661 A.2d 352 (Pa. 1995), a defendant must demonstrate three things in order to establish an ineffectiveness claim: 1.) That his underlying claim is of arguable merit; 2.) that counsel's action or inaction was not grounded in any reasonable basis designed to effectuate his interests; and 3.) that but for the act or omission, the outcome would have been different. Should the defendant fail to demonstrate prejudice, the Court may dismiss his claims on that basis alone without inquiring into the first two prongs of the test. *Id.* at 357 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). Failure to satisfy any one of the prongs will, in fact, defeat an ineffectiveness claim. *See e.g., Commonwealth v. Cox*, 863 A.2d 536, 544 (Pa. 2004). The Court begins with the presumption that counsel was effective, and the defendant bears the burden of proving otherwise, *Commonwealth v. Miller*, 431 A.2d 233, 235 (Pa. 1981). Leonard has not satisfied that burden.

Leonard sought to establish that his plea was unknowing and involuntary, and the facts he alleged in support of that position were that Knaresboro both advised him that he would be pleading to only 2 counts of Indecent Assault in exchange for a 2-year probationary sentence and failed to explain that he would have to register as a sex offender for the rest of his life. As the

3

Court's findings of fact imply, however, there was no credible evidence to sustain any of those facts. Rather, the written guilty plea colloquy and hearing transcripts corroborated Knaresboro's testimony regarding what he advised his client. Not only did the defendant not indicate at either proceeding that the result was unexpected, but he affirmatively acknowledged on October 7, 2015 that he understood the terms of the plea agreement. He cannot now retract that acknowledgement by claiming that he just went along with everything because he was in shock. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) ("We note that one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements"). Had that in fact been the case, the shock surely would have worn off prior to his sentencing hearing. February 3, 2016 came and went, however, and at no time did Leonard indicate that he had not agreed to 5 and 5.

Nor does the Court believe that the defendant was surprised by the SORNA ramifications. What it does believe is that his grandparents thought them draconian under the circumstances, shared Knaresboro's belief that the plea deal was unfair overall, and fueled their grandson's discontent. That the attorney had initially proposed a "2 and 2" plea deal provided a reasonable-sounding basis for a PCRA claim and a foundation for Leonard's testimony. It was not a firm foundation, though, and it crumbled under the weight of Knaresboro's testimony, the written plea colloquy, and the hearing transcripts.

The record thus indicates to the Court that the defendant knowingly and voluntarily pled to 5 counts of Indecent Assault in exchange for 5 years of probation, that he understood that it would subject him to a lifetime reporting requirement under SORNA, and that he was amenable to those terms on October 7, 2015 and February 3, 2016. Accordingly, the defendant is not entitled to relief under the Post Conviction Relief Act.