581 A.2d 217

**COMMONWEALTH of Pennsylvania**

v.

**Claude E. VEALEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1990.

Filed Oct. 17, 1990.

Robert C. Brady, Washington, for appellant.

Paul M. Petro, Asst. Dist. Atty., Donora, for the Com., appellee.

Before FORD ELLIOTT, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This appeal is from an order dismissing appellant's petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551.[1] Appellant presents the following issues, set forth in his "Statement of Issues," for our consideration:

[1] The PCHA has been repealed and replaced by the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. The PCRA applies to all petitions for collateral relief filed on or after its April 13, 1988 effective date. Because the instant petition was filed before the effective date of the PCRA, it must be evaluated under the former Act.

(1) [Were] Trial Counsel ineffective in failing to move to suppress a confession, which had been obtained after twenty-four (24) hours of interrogation, after the [Appellant] being refused the right to an attorney and being offered Fifty Thousand ($50,000) dollar[s], for his making the statement?

(2) Was Trial Counsel ineffective in representing Appellant when counsel placed the needs of the Government, pursuing future prosecutions, ahead of their desire to pursue a vigorous defense on behalf of the Appellant?

(3) Were the Due Process Rights of the Appellant violated when the Trial Judge participated in an ex parte Plea Bargaining Negotiation with Defense Counsel, entering a private Plea Agreement and failing to advise the Defendant of the existence of such Agreement until eighteen (18) years later?

Appellant's Brief at 3.[2] For the reasons set forth below, we affirm.

On December 31, 1969, appellant and two other men murdered Joseph Yablonski, his wife and daughter. Appellant was arrested on January 20, 1970. On June 23, 1971, he pled guilty to three counts of murder and conspiracy. On September 3, 1976, appellant was sentenced to one term of incarceration of life imprisonment. No direct appeal was taken. Appellant filed a clemency application with the Pennsylvania Board of Pardons on May 28, 1987, which was denied on June 31, 1987. On September 23, 1987, appellant filed a *pro se* petition under the PCHA. In the petition,

**2.** We note our disapproval of the brief appellant's counsel has filed. Appellant's brief violates Pa.R.A.P. 2119(a), which, in relevant part, states:

> **(a) General Rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctly displayed—the particular point therein, followed by such discussion and citation of authorities as are deemed pertinent.

*Id.* Rule 2119(a). Appellant fails to address each of the four issues raised on appeal separately in the "Argument" section of his brief. Despite Appellant's disregard of Rule 2119(a) and the resulting lack of clarity and precision in the presentation of his contentions, we shall consider each of appellant's arguments.

appellant requested a new trial, correction of sentence, or parole. Appellant also contended that he was indigent and requested that the court appoint a lawyer to represent him. The court declined to appoint counsel and denied the PCHA petition "since it raise[d] no justiciable issue for this court to decide...." *See* Trial Court Order, October 2, 1987. Appellant then filed his first appeal in this court. We vacated the trial court order and remanded for appointment of counsel and a hearing on appellant's PCHA petition. On February 21, 1989, present PCHA counsel was appointed. Counsel filed a supplemental PCHA petition, and on November 8, 1989, a PCHA hearing was held to consider the issues raised by appellant. At the conclusion of the hearing, the court denied appellant's petition. This timely appeal followed.

As a preliminary matter, we note that, generally speaking,

> When a defendant enters a guilty plea the only legally cognizable issues in a post conviction proceeding are those which affect either the voluntariness of the guilty plea or the legality of the sentence.

*Commonwealth v. Casner*, 315 Pa.Super. 12, 16, 461 A.2d 324, 325 (1983) (citing *Commonwealth v. Harris*, 492 Pa. 381, 386 n. 2, 424 A.2d 1242, 1244 n. 2 (1981)).

> However, where as here, an appellant attacks a plea of guilty on the basis that trial counsel's ineffectiveness contributed to the plea ... we have permitted appellate review of the claim on the merits.

*Commonwealth v. William Miller*, 495 Pa. 177, 179–80, 433 A.2d 1, 2 (1981) (footnotes and citations omitted). Here, appellant raises questions regarding the voluntariness of his plea, and alleges that counsels' ineffectiveness was the basis for his decision to enter the plea. Accordingly, we will review his claims.

Appellant claims that his guilty plea was not voluntary because it was entered pursuant to the advice of trial counsel who were ineffective in: (1) failing to file a pre-trial motion to suppress an allegedly involuntary oral confession;

and (2) placing the need of the Government to pursue future prosecutions ahead of their duty to pursue a vigorous defense on appellant's behalf. He also argues that (3) his plea was not voluntarily entered as his right to due process was violated by counsels' actions in entering into a plea agreement with the trial judge without appellant's knowledge. We will address these claims *seriatim.*

In order to prevail on a claim of ineffective assistance of counsel, appellant must show that (1) his underlying contention possesses arguable merit; (2) the course chosen by counsel had no reasonable basis designed to serve his interests; and (3) counsel's conduct prejudiced him. *See, e.g., Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); *Commonwealth v. Turner,* 387 Pa.Super. 217, 220–21, 563 A.2d 1262, 1264 (1989).

Appellant first claims that his plea was involuntary because trial counsel was ineffective in failing to file a pre-trial motion to suppress an illegally obtained confession. In *Commonwealth v. Larry Miller,* 494 Pa. 229, 431 A.2d 233 (1981), our Supreme Court stated what must be proven to successfully attack a guilty plea in a PCHA hearing on these grounds.

> [I]n order successfully to attack a guilty plea in a P.C. H.A. proceeding on the ground that it was the product of an involuntary pre-trial confession, one must demonstrate *all* of the following: "(1) an involuntary pre-trial confession . . .; (2) that the guilty plea was primarily motivated by [the confession]; and, (3) that [appellant] was incompetently advised by counsel to plead guilty, in the circumstances, rather than stand trial." *Commonwealth v. Marsh,* 440 Pa. 590, 593, 271 A.2d 481, 483 (1970).

*Id.,* 494 Pa. at 235, 431 A.2d at 236 (emphasis in original). The Court went on to state that:

> Conviction after a guilty plea is based not on the evidence in the hands of the Commonwealth, including a pre-trial confession, but rather on a defendant's admission in open court that he committed the crime. The existence of an involuntary confession does not, in itself, prove that a

defendant did not have the opportunity to make a reasonable choice, and thus it cannot, in itself, establish that the plea was not intelligently and knowingly entered. Thus, it is critical to prove not only that one's confession was involuntary, but also that it "was *the primary motivation for his plea of guilty.*"

*Id.* (citations omitted) (emphasis added).

At the PCHA hearing appellant was questioned about why he pled guilty:

Q. [PCHA counsel]: Now, Mr. Vealey, what conversations with your attorneys led to your entering the plea of guilty? Why did you plead guilty then?

A. [appellant]: Well, I was told that Martin, a co-defendant, had been brought to Washington County and that he was going to testify against me and that the state would prefer that I be a witness instead of Martin. So, since he was going to testify against me, I figured I might as well go ahead. The attorneys said who was going to believe me over the FBI about the way they took the statement and the offers that they made. So the course was to go along with the state and testify. I had no other course but to—

N.T. November 8, 1989 at 13–14. Appellant thus gave many reasons for his guilty plea: (1) a co-defendant's statement and willingness to testify; (2) his own confession; and (3) his evaluation that his prospects were better if he cooperated instead of his co-defendant. The record also reveals that appellant had further incentive to plead guilty because of the plea bargain he had made with the Commonwealth. *See* N.T. June 23, 1971, at 39–40. Thus, even assuming *arguendo* that appellant's confession was involuntary and would have been suppressed had trial counsel filed the appropriate motion, appellant has not proved that his plea was *primarily motivated* by his allegedly involuntary confession. Thus, appellant's claim that his guilty plea was the product of an involuntary confession is lacking in merit, and his derivative ineffectiveness claim must fail.

■ Appellant's second claim is that trial counsel were ineffective for placing the need of the Government to pursue future prosecutions ahead of their desire to pursue a vigorous defense on appellant's behalf. We cannot agree.

> Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Appellant offers no specific evidence of how trial counsel put the Government's interests ahead of his, and our review of the record reveals none. Accordingly, appellant's underlying contention lacks arguable merit, and his ineffectiveness claim must fail.

■ Appellant's final claim is that his plea was not voluntarily entered as his right to due process was violated by counsels' entering into a plea agreement with the trial judge without appellant's knowledge.[3]

Appellant's argument is based upon our Supreme Court's decision in *Commonwealth v. Evans*, 434 Pa. 52, 252 A.2d 689 (1969). In *Evans*, the appellant sought review of the dismissal of his PCHA petition, arguing that the trial court improperly participated in the plea bargaining process. In granting the appellant a new trial on the basis of that participation, our Supreme Court opined that:

> [T]he awesome effect of a guilty plea and the sensitive nature of the bargaining process makes certain safeguards essential. 'Our concept of due process must draw a distinct line between, on the one hand, advice from and

---

**3.** In support of this claim, appellant introduced testimony of trial counsel and two letters from the trial judge that suggest the existence of an arrangement. However, we note that the PCHA court explicitly held that no agreement existed between the trial court and trial counsel. *See* N.T. November 8, 1989 at 83. For the purpose of evaluating appellant's argument, we will assume that the agreement exists.

"bargaining" between defense and prosecuting attorneys and, on the other hand, discussion by judges who are ultimately to determine the length of sentence to be imposed.'

The trial judge should not participate in plea discussions.... [because] [f]irst, the defendant can receive the impression from the trial judge's participation in the plea discussion that he would not receive a fair trial if he went to trial before the same judge. Second, if the judge takes part in the preplea discussions, he may not be able to judge objectively the voluntariness of the plea when it is entered. Finally, the defendant may feel that the risk of not going along with the disposition which is apparently desired by the judge is so great that he ought to plead guilty despite an alternative desire.

For these reasons, we feel compelled to forbid any participation by the trial judge in the plea bargaining prior to the offering of a guilty plea.

*Id.*, 434 Pa. at 54–57, 252 A.2d at 690–91. We recognize the important interests that *Evans* serves. However, after careful study, we are convinced that *Evans* is distinguishable from this case because the principles that case was designed to protect are not present here. Here, it is not disputed that appellant was unaware of the alleged agreement between trial counsel and the court. Appellant, therefore, could not have been intimidated by the court in his decision to enter his guilty plea. Furthermore, in this case, appellant entered into an unrelated agreement with the Commonwealth by which charges against him would be dropped in exchange for his guilty plea and cooperation in the prosecutions of his co-conspirators.[4] *See* N.T. Guilty Plea, June 23, 1971 at 39–40. He therefore had substantial reasons for entering his plea that were unrelated to the alleged agreement between counsel and the court. Finally, assuming that the agreement in question actually did exist,

4. These charges included burglary, larceny and robbery. The Commonwealth also agreed to recommend that the federal authorities drop charges pending against appellant. *See* N.T. Guilty Plea, June 23, 1971 at 9–10.

we have carefully reviewed the record and the parties' briefs, and find no evidence that appellant was prejudiced by it in any way, as he was unaware of it, and there is no suggestion as to how it adversely affected counsel's stewardship. Under these circumstances, we are satisfied that, although the court may have acted erroneously in appearing to enter into an arrangement with trial counsel, that error did not result in prejudice to appellant. Therefore, appellant's argument that he should be allowed to withdraw his plea because of the alleged agreement between trial counsel and the court is meritless.[5]

For the reasons set forth above, we affirm the order dismissing appellant's petition.

Order affirmed.

---

5. Appellant also claims that he is entitled to a withdraw his plea because the special prosecutor promised to recommend that he be paroled, but later failed to keep that promise. However, careful review of the record reveals that the only agreement between appellant and the Commonwealth concerned the Commonwealth's *nolle prosse* of certain charges and recommendations that the federal authorities drop outstanding charges against appellant. *See* N.T. June 23, 1971, at 9-10, 39-40. The prosecutor's only statement regarding recommendations to the State Pardon and Parole Board was made at sentencing, over five years after appellant's plea was entered. Thus, it would have been impossible for that statement to have affected appellant's guilty plea. Furthermore, although the prosecutor did state that he might appear before the Board and bring the extent of appellant's cooperation to the attention of the Board, he explicitly noted that the making of any recommendation regarding the possibility of parole and the nature of any such recommendation were both contingent upon appellant's conduct while incarcerated. *See* N.T. September 3, 1976 at 20. Thus it is clear that the prosecutor's statement concerned the possibility of parole, and therefore had nothing to do with the legality of the sentence imposed. *See Rivenbark v. Comm. Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). Accordingly, because appellant's claim regarding the prosecutor's alleged failure to keep promises made at sentencing does not involve the voluntariness of appellant's plea or the legality of his sentence, he is not entitled to relief. *See Commonwealth v. Casner*, 315 Pa.Super. 12, 461 A.2d 324 (1983).