**Geraldine TAYLOR, Elizabeth Ridgeway, Rosemary Grunsby and Fred Grunsby**

v.

**SHILEY INCORPORATED, Pfizer, Inc. and Hospital Products Group, Inc.**

**Appeal of Elizabeth RIDGEWAY, Rosemary Grunsby and Fred Grunsby.**

Superior Court of Pennsylvania.

Argued March 12, 1998.

Filed July 17, 1998.

Gary Green, Philadelphia, for appellants.

David Klingsberg, New York City, for appellees.

Before TAMILIA, ORIE MELVIN and BECK, JJ.

BECK, Judge.

In this appeal we address whether plaintiffs-appellants, Elizabeth Ridgeway, Rosemary Grunsby and Fred Grunsby, who were represented in a class action suit which was resolved by a court approved settlement, may pursue an independent action in the court of common pleas. We conclude that *res judicata* bars the action in the common pleas court and we affirm the orders of the trial court.

In 1986 appellants, as members of a class known as The Taylor Class,[1] initiated the instant action in the court of common pleas. Their complaint alleged that defendants-appellees, Shiley, Inc., Pfizer, Inc. and Hospital Products Group, Inc., were liable because the heart valves implanted in appellants were manufactured defectively and were prone to fracture. The complaint also alleged that appellees knew this and lied repeatedly over a period of years to the FDA and the prescribing doctors. In addition, the complaint alleged that the later recall of the heart valves caused appellants emotional distress because they believed the implants could at any time malfunction and lead to sudden death or severe injury.

Relying on the doctrine of *res judicata* the trial court entered summary judgment in favor of appellees based on the following facts.

In February 1992, while discovery in the instant matter was still ongoing, the appellants received notice that the United States District Court in Cincinnati, Ohio had certified a worldwide class under *Bowling v. Pfizer, Inc.* ("the Bowling Class"), that included all recipients of heart valves that remained implanted and which had not fractured. The notice provided that approval of a settlement in *Bowling* would terminate all other claims by class members, including those of the Taylor Class, unless those claimants elected to opt out of the Bowling Class. The notice further provided that if class members opted out of the Bowling Class, they could not object to any proposed settlement of that action, nor participate in the scheduled fairness hearing.

Appellants chose not to opt out of the Bowling Class, and their counsel instead filed formal objections to the proposed settlement and appeared and argued at the fairness hearing.[2] The *Bowling* settlement was eventually approved and judgment entered.

---

1. The "Taylor Class" was never certified as such prior to dismissal on summary judgment.

2. Appellants' position is that the "proposed settlement ... was a meager recovery for the long suffering class members. It provided a small cash payment 'of some amount less than $4,000' for pre-fracture implantees, a fund for medical research, supposedly designed to discover a medically safe diagnostic technique to predict when a fracture might occur, a system of compensation for fracture and explantation victims who by definition, were not even members of the class since the class dealt exclusively with non-fractured, un-explanted valves, and once a fracture or explantation occurred, the class member was free to bring his own action for damages."

Thereafter, appellees moved for summary judgment in the instant action, arguing, *inter alia*, that the *Bowling* settlement was *res judicata*. Appellants opposed the motion, alleging that improprieties, including fraud by and collusion between the defendants, class counsel and the district court, made the *Bowling* settlement subject to collateral attack in the Pennsylvania courts. The trial court rejected this argument, and granted appellees' motion for summary judgment, dismissing the case. This timely appeal followed.

The trial court summarized its decision as follows:

> By virtue of the order of the United States District Court for the Southern District of Ohio approving the settlement in *Bowling v. Pfizer*, 143 F.R.D. 141 (S.D.Ohio 1992), *appeal dismissed*, 14 F.3d 600 (6th Cir. 1993), *cert. den.*, 513 U.S. 916, 115 S.Ct. 294, 130 L.Ed.2d 208 (1994), Plaintiffs' claims in this matter are barred by the doctrine of res judicata. In addition, Plaintiffs may not now collaterally attack the settlement in *Bowling* since they admittedly had notice of the proposed settlement in *Bowling*, participated fully in all aspects of the fairness hearing in *Bowling*, were given the opportunity to opt out of the *Bowling* settlement, and chose not to do so.

Tr. Ct. Opinion at 1–2 (citations omitted).

■ The doctrine of *res judicata* bars repetitious litigation of the same cause of action.

> "A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." The purpose of the doctrine is "to minimize the judicial energy devoted to individual cases, establish certainty and respect for court judgments, and protect the party relying on the previous adjudication from vexatious litigation."

*Dempsey v. Cessna Aircraft Co.*, 439 Pa.Super. 172, 653 A.2d 679, 681 (1995) (*en banc*) (citations omitted).

■ Application of the doctrine of *res judicata* requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the capacity of the parties. *Id.* The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding where the parties had an opportunity to appear and assert their rights. *In re Jones & Laughlin Steel Corp.*, 328 Pa.Super. 442, 477 A.2d 527, 531 (1984). A judgment in a properly entertained class action is binding on all class members in any subsequent litigation. *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984); *In re Jones, supra.* Class members who elect not to opt out of a class action are "full members who must abide by the final judgment, whether favorable or adverse." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 549, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). The judgment is binding on class members as long as they had "notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel," had the right to opt out, and were adequately represented. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).

■ Appellants concede that they were class members in *Bowling*, that they sought damages for the same injuries under the same causes of action, and that they declined to opt out of the class and settlement in that matter.[3] They admit that they received the class notice and participated in the *Bowling* fairness hearing through their own counsel, who had entered an appearance in that matter. Nonetheless, appellants argue in this appeal that the *Bowling* settlement should not be binding on them. In support of this argument, appellants point to alleged malfeasance in the *Bowling* proceedings, amounting to inadequate representation.

We note that the District Court in *Bowling* had before it each of appellants' objections, including the allegations of fraud and collu-

---

**3.** The record reveals that appellants were given several chances to opt out, even after they made appearances, objections and arguments before the court in *Bowling*.

sion, and heard argument from appellants' counsel; the court considered the objections and found them meritless before approving the class settlement. *Bowling v. Pfizer, Inc.*, 143 F.R.D. 141 (S.D.Ohio 1992). Moreover, our own review of the record does not support appellants' claims of fraud, collusion, and inadequate representation.[4]

Class members, which appellants undeniably were, are bound by the judgment if they were represented by their own counsel during a class action settlement hearing and did not opt out. *Hansberry v. Lee*, 311 U.S. 32, 42–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940). In this case, where appellants admit they received notice, participated fully in the settlement proceedings, and declined several opportunities to opt out, appellants are indeed bound by the terms of the class action settlement. The bald allegation made by appellants of improprieties, including fraud by and collusion between the appellees, class counsel and the court is not a sufficient basis to collaterally attack the prior settlement judgment. The trial court therefore did not err in dismissing this action on the basis of *res judicata*.

Order affirmed.

TAMILIA, J., concurs in the result.

---

4. Ironically, in their fee petition filed in the Ohio action, appellants' attorneys tout the extent of their participation and the manner in which their participation improved the entire process in the district court. In their fee application, appellants' counsel stated that their objections "transformed the Fairness Hearing into a truly adversarial proceeding," and that the approved settlement "reflects the 'signature' and 'fingerprints' of the PA ATTORNEYS" who provided the "blueprint" and "deserve the credit for many of its 'novel' remedies." Appellants' counsel also stated in their fee petition that the settlement they now challenge as inadequate was "unique and creative," "ingenious and novel." Under these circumstances, it is rather disingenuous for appellants to argue they were not adequately represented in the *Bowling* proceedings.