**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Joseph FOGEL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 26, 1999.
Filed Nov. 15, 1999.

Paige Rosini, Shamokin, for appellant.

William C. Cole, Asst. Dist. Atty., Kulpmont, for Com., appellee.

Before HUDOCK, J., FORD ELLIOTT, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Northumberland County, Pennsylvania. We affirm.

¶ 2 Appellant entered a plea of guilty to Driving Under the Influence of Alcohol or Controlled Substance ("DUI"),[1] and Driving While Operating Privilege is Suspended or Revoked ("DUS").[2] The Trial Court explained the procedure underlying Appellant's appeal as follows:

> The initial plea agreement listed the DUI as a misdemeanor of the second degree ("M2") and also listed the terms

for sentence as a maximum of two (2) years and the "standard range for DUI." The plea was accepted and the case was scheduled for sentencing. After a continuance, Defendant was re-scheduled to be sentenced on October 28, 1998.

At the sentencing hearing, discussions occurred between the Court, counsel and the Adult Probation office concerning the number and date of Defendant's prior DUI's and the affect they would have on his sentence under the penalty enhancement provisions of the DUI statute.[3]

The Court, having determined that Defendant's prior record included five (5) prior DUI convictions during Defendant's lifetime,[4] rejected the plea agreement based upon the sentence recommendations, and modified the DUI charge to a misdemeanor of the first degree ("M1)". The Court followed the DUI statute which provided that convictions for a third or subsequent DUI raised the grading of the offense from an M2 to an M1.

Counsel for Defendant reserved the right to appeal this issue at the sentencing hearing.[5] Thereafter, Defendant agreed to plead guilty to the same charges as before but with the enhancement of the offense grade.[6] The Court, on the DUI charge, sentenced Defendant to (18) months to thirty-six (36) months at a State Correctional Institu-

---

1. 75 Pa.C.S.A. § 3731(a)(1).

2. 75 Pa.C.S.A. § 1543(b).

3. See 75 PA. CONS. STAT. ANN. § 3731(e) (West 1996).

4. As taken from the DUI Minor Offender Report from the Pre–Sentence Investigation, Defendant had the following prior DUI convictions: (1) Guilty of DUI in Montgomery County on October 6, 1972; (2) Guilty of DUI in Bucks County on October 1, 1979; (3) DUI conviction again in Bucks County on January 17, 1985; (4) DUI conviction in Montgomery County on October 12, 1987; and (5) Plead guilty to DUI in Bucks County on March 30, 1995.

5. At the sentencing hearing, Defense Counsel stated as follows:

   Ms. Rosini: ... The appeal issue would be that it would be our position since this is Mr. Fogel's—it's his second D.U.I. in the last seven year period—second D.U.I. conviction in the past seven years, it would be our position that it is still just an M–2. Sentencing Transcript at 3.

6. The Court during the colloquy at sentencing asked Defendant the following:

   THE COURT: ... At this time I'm asking if you are reaffirming your plea to driving under the influence?
   THE DEFENDANT: Yes, Your Honor.
   Sentencing Transcript at 6.

tion, and to three (3) months to six (6) months on the DUS charge.

Trial Court Opinion, 1/13/99, at 1–3 (footnotes in original). Appellant, however reserved his challenge to the legality of the sentence based upon the discrepancy between the grading of the offense in the Motor Vehicle Code and the Sentencing Guidelines.

¶ 3 In this appeal, Appellant raises the following issue for our review:

Whether the lower court erred in sentencing Appellant for a DUI as a misdemeanor of the first degree instead of a misdemeanor of the second degree.

Appellant's Brief at 2. After a defendant has entered a plea of guilty, the only matters that may be raised on appeal are the jurisdiction of the court, the validity of the guilty plea and the legality of the sentence. *Commonwealth v. Hines*, 496 Pa. 555, 569, 437 A.2d 1180, 1187 (1981); *Commonwealth v. Vealey*, 398 Pa.Super. 449, 581 A.2d 217, 219 (1990).

¶ 4 Appellant in this case challenges the legality of his sentence. Specifically, Appellant challenges the authority of the Trial Court to impose the statutory mandatory minimum sentence when that statute conflicts with the sentencing guidelines. *See Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa.Super.1997) (challenge to authority of court to impose sentence implicates legality of sentence).

¶ 5 Appellant correctly notes that according to the Sentencing Guidelines, a second conviction of DUI within a seven-year period is classified as a second degree misdemeanor, or "M2." 204 Pa.Code § 303.15. A third conviction in a seven-year period is classified as a first degree misdemeanor, or "M1." *Id.* Thus, the Court may only review the prior seven years in determining the appropriate classification of the DUI offense.

¶ 6 Under the Motor Vehicle Code, a person's third or subsequent DUI offense is classified as a first degree misdemeanor, or "M1." However, unlike the Sentencing

Guidelines, the Motor Vehicle Code does not limit review to the seven years preceding the offense. Appellant claims that the guidelines are inconsistent with the statute in the grading of his offense. Citing *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979) in support, Appellant contends that the conflict between these two penal statutes must be interpreted in favor of the accused and against prosecution.

¶ 7 Although Appellant correctly notes that the penalties imposed by the sentencing guidelines for his DUI offense differ from those imposed by the Motor Vehicle Code, Appellant ignores significant portions of the statute and guidelines that provide a remedy in the event of a conflict. Section 3731(e)(3) of the Motor Vehicle Code provides in pertinent part:

The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory penalties of this section.

75 Pa.C.S.A. § 3731(e). The sentencing guidelines likewise provide a remedy in the event that its recommendations differ from a mandatory minimum sentence established by statute:

**The court has no authority to impose a sentence less than that required by a mandatory minimum provision established in statute.** When the guideline range is lower than that required by a mandatory sentencing statute, the mandatory minimum requirement supersedes the sentence recommendation. When the sentence recommendation is higher than that required by a mandatory sentencing statute, the court shall consider the guideline recommendation.

204 Pa.Code § 303.9(h).

¶ 8 Contrary to Appellant's assertions of a conflict, both the guidelines and the Motor Vehicle Code provide the same remedy in the event that the guideline range is lower than the mandatory sentencing statute. Both require the mandatory sentencing statute to supersede the guideline rec-

ommendation. Because the Trial Court complied with both the guidelines and the Motor Vehicle Code in fashioning its sentence, we cannot grant Appellant the relief requested.

¶ 9 Judgment of sentence is affirmed.

¶ 10 HUDOCK, J., files a concurring statement.

HUDOCK, J., concurring:

¶ 1 Although I agree with the Majority that Appellant was correctly sentenced for conviction of a misdemeanor of the first degree, I would not decide the case based upon the provisions of the Vehicle Code and the Sentencing Guidelines governing conflicts between the statutory minimum sentences and the Guidelines. Rather, I would hold that where there is a conflict, the statute must always prevail since the statute reflects the basic policy choice of the General Assembly. While the General Assembly may delegate authority to execute or administer the law to an agency such as the Sentencing Commission, the exercise of this delegated power cannot conflict with the basic constitutional power of the General Assembly to make, alter or repeal laws. This power is entrusted to the General Assembly, and cannot be delegated in such a way as to conflict with the basic policy choices, which can be exercised only by the General Assembly in the form of statutes. *See Blackwell v. Commonwealth of Pennsylvania, State Ethics Commission*, 523 Pa. 347, 567 A.2d 630 (1989). I would invite the Pennsylvania Commission on Sentencing to revise the offense listing in the Sentencing Guidelines, 204 Pa.Code section 303.15, to remove the erroneous suggestion that a seven-year cut-off applies to the grading of offenses under 75 Pa.C.S.A. section 3731(e)(1), resulting in a misdemeanor of the second-degree conviction, rather than a misdemeanor of the first-degree conviction.