J-S38002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA ROSENBERGER | : | |
| | : | |
| Appellant | : | No. 1640 WDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001432-2009

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    FILED AUGUST 17, 2018

Dana Rosenberger appeals pro se from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court offered the following summary of this case in one of Appellant's prior appeals.

> [O]n February 5, 2010, [Appellant] pled guilty to two crimes regarding his inappropriate touching of a girl under the age of 13 who was spending the night at a sleep over with [Appellant's] daughter.  This guilty plea represented [Appellant's] second conviction for such criminal activity.  [Appellant] was sentenced on that same date.  On February 18, 2010, [Appellant] contacted the Public Defender's Office, asking counsel to file a motion to withdraw his guilty plea.  That motion was filed on February 19, 2010 and was subsequently denied as being untimely.  Thereafter, counsel failed to file a requested direct appeal and Rosenberger's direct appellate rights were subsequently reinstated through a PCRA petition.

_____
*   Retired Senior Judge assigned to the Superior Court.

Commonwealth v. Rosenberger ("Rosenberger I"), 131 A.3d 82 (Pa.Super. 2015) (unpublished memorandum at 2-3) (citation and footnote omitted).

On his nunc pro tunc direct appeal, this Court affirmed Appellant's judgment of sentence, concluding that, even if he had filed a timely post-sentence motion to withdraw his guilty plea, he would not be entitled to withdraw it because the record did not support his claim that his plea was involuntary. Id. (unpublished memorandum at 4). This Court further determined that the remaining issues he raised (i.e., that the trial court erred in not disposing of his Pa.R.Crim.P. 600 motion, failing to convene a grand jury, allowing the Commonwealth to amend the information, and denying his right to a jury trial) were waived by his entry of a guilty plea. Id. (unpublished memorandum at 3, 5) (quoting Commonwealth v. Fogel, 741 A.2d 767, 769 (Pa.Super. 1999) ("[A]fter a defendant has entered a plea of guilty, the only matters that may be raised on appeal are the jurisdiction of the court, the validity of the guilty plea and the legality of the sentence.")).

Appellant pro se filed the timely PCRA petition at issue in this appeal on May 9, 2016. The PCRA court appointed counsel and ordered the filing of an amended petition. Counsel instead filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc), and a motion for leave to withdraw. Appellant filed pro se objections to counsel's motion, claiming that counsel was ineffective and that new counsel should be appointed.

On September 7, 2016, the PCRA court entered notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed pro se objections to the Rule 907 notice, claiming that he had viable claims of ineffective assistance of counsel against plea counsel and direct appeal counsel. Nonetheless, the PCRA court dismissed Appellant's petition by order of October 4, 2016, and Appellant pro se filed a timely notice of appeal.

This Court remanded the case for a determination of the status of Appellant's PCRA counsel, as Appellant proceeded pro se on appeal, yet the PCRA court had not granted counsel's motion to withdraw. Commonwealth v. Rosenberger ("Rosenberger II"), 181 A.3d 1265 (Pa.Super. 2017) (unpublished memorandum at 10). On remand, the PCRA court entered an order allowing PCRA counsel to withdraw, indicating therein that it had intended to do so prior to the appeal. Order, 12/29/17.

By the time this Court received the record back from the PCRA court, two of the three judges on the panel to which this appeal was assigned no longer sat on this Court. Accordingly, we entered an order directing that the case be listed before the next available submit panel. Order, 5/16/18. The appeal was assigned to the instant panel on June 18, 2018, and we are now prepared to address the following questions that Appellant presents for our review.

1. Whether PCRA, appella[te,] and trial counsel were ineffective in functioning as loyal and zealous counsel for [A]ppellant?

- 3 -

2.    Whether the court had jurisdiction over [A]ppellant?

3.    Whether the court erred in violating [A]ppellant's Constitutional rights?

4.    Whether the court erred in accepting [A]ppellant's plea without jurisdiction?

5.    Whether the court erred in allowing the Commonwealth to proceed with the amended charges against [A]ppellant without exercising a preliminary hearing for the amended charges?

6.    Whether the exculpatory evidence deprives the court of jurisdiction?

7.    Whether the [trial court] erred in failing and/or refusing to timely dispose of [A]ppellant's Rule 600(e) motion for R.O.R. bail?

8.    Whether the court erred in denying [A]ppellant's rights to proper proceedings by trial, conviction, and sentencing without jurisdiction?

Appellant's brief at v.

We begin with the applicable law. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Johnson, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

> To be entitled to PCRA relief, [a petitioner] must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Additionally, [the petitioner] must show his claims have not been previously litigated or waived,

- 4 -

and the failure to litigate the issue prior to or during trial … or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S. § 9543(a)(3), (a)(4). An issue is previously litigated if the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2). An issue is waived if [the petitioner] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding.

Commonwealth v. Cousar, 154 A.3d 287, 296 (Pa. 2017) (internal citations and quotation marks omitted).

Appellant first contends that his plea, direct appeal, and PCRA counsel were ineffective. Specifically, Appellant argues that (1) PCRA counsel was ineffective when seeking to withdraw in misstating the issues Appellant raised in his pro se PCRA petition and not filing an amended petition; (2) direct appeal counsel was ineffective in not litigating a challenge to the trial court's jurisdiction; and (3) plea counsel was ineffective regarding seeking nominal bail. Appellant's brief at 5-8.

The following principles apply to these claims.

Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

- 5 -

Commonwealth v. Brown, 161 A.3d 960, 965 (Pa.Super. 2017) (citations and quotation marks omitted).

We consider Appellant's claims in reverse order. Appellant argues that plea counsel failed to protect his constitutional rights when he failed to demand a hearing on the pending motion for nominal bail and instead proceeded with the entry of Appellant's guilty plea. Objections to Rule 907 Notice, 9/28/16, at 2-3. His argument is meritless.

Appellant expressly acknowledged in the written plea colloquy that he understood that by pleading guilty, he was abandoning all of his pre-trial motions, including ones that were pending and not yet decided. Guilty Plea Colloquy, 2/5/10, at ¶ 25. Appellant then affirmed, on the record, that he had the opportunity to review his rights and his written colloquy with his counsel, that he had full understanding of the document, and that he was deciding to plead guilty of his own free will. N.T. Plea and Sentencing, 2/5/10, at 4-5. Moreover, this Court on Appellant's direct appeal held that Appellant's plea was voluntary, and that he had waived his claim regarding bail by entering the plea. Rosenberger I, supra (unpublished memorandum at 4-5). Appellant has not convinced us that his claim has arguable merit or that he was in any way prejudiced, such that the PCRA court erred. As such, the claim warrants no relief. Commonwealth v. Miner, 44 A.3d 684, 688 (Pa.Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due.").

Regarding direct appeal counsel, Appellant contends she was ineffective because she refused to include in his appellate brief a claim that the judge who presided over his plea, former Judge Paul Pozonsky, had been indicted by a grand jury for appropriating for personal use drugs that were offered at a number of trials over which he presided. Appellant's brief at 8.

The PCRA court determined that this claim was meritless, and we agree. As the court explained, Appellant failed to allege any connection between Judge Pozonsky's illegal activity in other cases and his ability to preside over Appellant's negotiated guilty plea:

> [Appellant] merely asserts that Judge Pozonsky was indicted and convicted of criminal activity related to the misappropriation and use of evidence (controlled substances) in certain cases over which he presided. [Appellant] does not address the existence of a confluence between Judge Pozonsky's misappropriation and personal use of contraband evidence and his partiality. There is no claim that Judge Pozonsky appropriated any contraband seized in the case at bar. Further, [Appellant] does not connect the personal use of contraband from other defendants' criminal cases to his case.

PCRA Court Opinion, 12/1/16, at 9 (citation omitted).

Appellant states that Judge Pozonsky's conduct constituted a violation of his oath of office and then declares, "Therefore, the Court's [sic] had no jurisdiction to accept [A]ppellant's plea or to pass judgment[.]" Appellant's brief at 8. Appellant, having offered no legal authority in support of his proposition, has not convinced us that relief is due. Miner, supra.

As Appellant failed to allege that Judge Pozonsky's illicit activities had any bearing on Appellant's case, direct appeal counsel was not ineffective in

failing to include the issue in Appellant's brief. Commonwealth v. Spotz, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

Appellant also questions the effectiveness of PCRA counsel. To be preserved for our review, claims regarding the performance of PCRA counsel must be raised in the PCRA court. Commonwealth v. Ford, 44 A.3d 1190, 1200 (Pa.Super. 2012). In both his objections to counsel's petition to withdraw and his objections to the PCRA court's Rule 907 notice, Appellant's comments about PCRA counsel were limited to the fact that counsel did not file an amended petition within sixty days as ordered by the PCRA court, and allegedly-erroneous statements in counsel's motion to withdraw, such as a representation that no PCRA petition had been filed at the time counsel was appointed. Objections to Rule 970 Notice, 9/28/16, at ¶ 1.

Having examined the record and determined that no meritorious issues were available, counsel properly filed a Turner/Finley letter explaining why the filing of an amended petition was futile. See, e.g., Commonwealth v. Cherry, 155 A.3d 1080, 1083 (Pa.Super. 2017) ("When appointed, counsel's duty is to either (1) amend the petitioner's pro se Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of Turner/Finley.") (emphasis added). Appellant offers no allegation that he suffered prejudice as a result of counsel's failure to file his letter within the time allotted by the PCRA court for the filing

of an amended petition. Further, as counsel clearly indicated that he reviewed Appellant's pro se petition in conducting his review, any misstatements about the date of its filing are harmless. Appellant once again has failed to establish that the PCRA court erred vis-à-vis the effectiveness of PCRA counsel. Accordingly, the claim warrants no relief from this Court. Miner, supra.

Having determined that none of Appellant's arguments concerning ineffective assistance of counsel merits relief, we consider his remaining issues. Several of them are based upon the supposed lack of jurisdiction of the trial court resulting from Judge Pozonsky's conduct in unrelated cases. Appellant's brief at 10-12,[1] 16. As we have indicated supra, Appellant offers no legal support for his contention that the wrongs Judge Pozonsky committed outside of the context of Appellant's case, and unrelated to Appellant in any way, deprived the trial court of jurisdiction to accept his guilty plea and sentence him in accordance with the plea agreement. Hence, Appellant's jurisdictional issues are meritless.

Appellant's remaining claims, regarding the trial court's failure to dispose of his Rule 600 motion for nominal bail, allowing the Commonwealth to amend the information, and denying his right to a jury trial were all litigated in his nunc pro tunc direct appeal. As this Court correctly noted, Appellant waived these issues and rights by pleading guilty. Rosenberger I, supra

_____

[1] Appellant's brief contains no page 11.

(unpublished memorandum at 3, 5) (citing Fogel, supra at 769). Hence, Appellant is ineligible for PCRA relief on these claims because they are both previously litigated and waived. See 42 Pa.C.S. § 9543(a)(3) (providing that, to be eligible for relief, the petitioner must show that "the allegation of error has not been previously litigated or waived").

For the reasons above, Appellant has demonstrated no basis for this Court to disturb the PCRA court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/17/2018