J-S15014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KALVIN BISHOP | |
| Appellant | No. 1594 EDA 2017 |

Appeal from the PCRA Order entered April 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011808-2012

BEFORE: STABILE, DUBOW, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 26, 2018**

Appellant, Kalvin Bishop, appeals *pro se* from the April 24, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 3, 2013, Appellant pled guilty to third-degree murder, aggravated assault, and possession of an instrument of crime. The trial court imposed the negotiated sentence of 22½ to 45 years of incarceration. Appellant did not file a direct appeal. On November 18, 2014, Appellant filed a timely *pro se* PCRA petition, his first. He filed an amended *pro se* petition on December 15, 2015. On December 6, 2016, appointed counsel filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.

Super. 1988) (*en banc*). On March 6, 2017, the PCRA court filed, pursuant to Pa.R.Crim.P. 907, its notice of intent to dismiss Appellant's petition without a hearing. On April 24, 2017, the PCRA court entered the order on appeal, in which it dismissed Appellant's petition and permitted appointed counsel to withdraw. Appellant filed this timely *pro se* appeal on April 30, 2017.

Appellant presents seven questions:

I.    Was the Appellant deprived of his constitutionally protected right(s) to the effective assistance of counsel?

II.   Was the Appellant's plea of guilt a knowingly, voluntarily, and intelligently made decision?

III.  Was trial counsel ineffective for failing to object to the trial judge's unconstitutional participation and unfair pre-judged comments uttered during the Appellant's guilty plea proceedings which collective [sic] coerced an involuntary guilty plea?

IV.   Was the Appellant deprived of his constitutionally protected right to Due Process and effective assistance of counsel due to counsel's failure to move to withdraw his plea and to file a direct appeal, despite Appellant's request to counsel to do so?

V.    Whether Appellant was denied Due Process and effective assistance of counsel on his first PCRA petition, when PCRA counsel failed to properly investigate, develop, prepare, and file an amended PCRA petition to include questions I-IV cited above?

VI.   Whether Appellant was denied Due Process and effective assistance of counsel on his first PCRA petition, when counsel failed to properly investigate, develop, and file an amended PCRA petition challenging Appellant's two mandatory sentences as being unconstitutional and void *ab initio*?

VII. Did the PCRA court deny the Appellant an adequate [Pa.R.Crim.P. 907] notice in violation Appellant's right to Due Process and equal protection of law, before granting counsel's no merit letter?

Appellant's Brief at vi.

We review the PCRA court's order to determine whether the record supports its findings of fact and whether it committed an error of law. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015). We conduct *de novo* review of the PCRA court's conclusions of law. *Id.*

Appellant's first four arguments challenges plea counsel's effectiveness. To prevail on this claim, a PCRA petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's mistake prejudiced the petitioner. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa 2001). As to the second prong, we do not consider whether there were better strategic alternatives; rather, we consider whether counsel had any reasonable basis for the disputed action or inaction. *Id.* For the third prong, prejudice, we examine whether the outcome of the proceeding would have been different but for counsel's error. *Id.* We presume counsel's effectiveness, and the petitioner has the burden of proving otherwise. *Commonwealth v. Brown*, 767 A.2d 576, 581 (Pa. Super. 2001).

We have reviewed the PCRA court's opinion, the record, the parties' briefs, and the applicable law. We conclude the PCRA court's May 17, 2017

opinion accurately addresses Appellant's first four issues asserting plea counsel's ineffectiveness. We therefore adopt the PCRA court's opinion in support of our rejection of those arguments.

Appellant's fifth and sixth arguments challenge PCRA counsel's effectiveness. A PCRA petitioner must raise challenges to PCRA counsel's effectiveness prior to appeal. *Commonwealth v. Ford*, 44 A.3d 1190, 1197 (Pa. Super. 2012) (citing *Commonwealth v Pitts*, 981 A.2d 875 (Pa. 2009)). We observe that Appellant's *pro se* response to the PCRA court's Rule 907 notice unartfully addresses PCRA counsel's stewardship. Response to Rule 907 Notice, 3/16/17, at 4-5. In essence, Appellant argues that PCRA counsel was ineffective for filing a no-merit letter instead of developing issues I-IV above. Given our agreement with the PCRA court's analysis of those issues, we cannot conclude that PCRA counsel was ineffective for failing to develop them. Appellant's response to the Rule 907 notice does not address PCRA counsel's effectiveness for failing to challenge the mandatory minimum sentences Appellant received. Pursuant to *Ford*, therefore, that issue is waived. In any event, the record does not reflect that the trial court imposed a mandatory minimum sentence.

Appellant's final issue is that the PCRA court's Rule 907 notice was not sufficiently specific. Appellant has waived this issue, because he is raising it for the first time on appeal. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Regardless, our review of the record reveals that the trial court attached counsel's no-merit letter to its Rule 907 notice and filed a detailed opinion documenting its own review of the record. This approach is sufficient pursuant to **Commonwealth v. Rykard**, 55 A.3d 1177, 1186 (Pa. Super. 2012). We therefore reject Appellant's final argument.

In summary, we have rejected Appellant's first four arguments based on the PCRA court's opinion. Appellant has failed to preserve his fifth and sixth issues. His seventh argument lacks merit. We therefore affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA     : PHILADELPHIA COURT

                                : OF COMMON PLEAS
                                : CRIMINAL TRIAL DIVISION
                                :

v.                           : CP-51-CR-0011808-2012
                                :

KALVIN BISHOP                  :

CP-51-CR-0011808-2012 Comm. v. Bishop, Kalvin
Opinion

7948176601

OPINION

FILED

MAY 17 2017

Appeals/Post Trial
Office of Judicial Records

## MINEHART, J

Kalvin Bishop (hereinafter "Appellant") appeals from the order entered by this Court on April 24, 2017, denying him post-conviction collateral relief. For the reasons set forth below it is suggested that the judgment of sentence be affirmed.

## PROCEDURAL HISTORY

On December 2, 2013, Appellant, represented by Coley Reynolds, Esquire, appeared before the Honorable Lillian Harris Ransom of the Court of Common Pleas of Philadelphia County for trial and on that date the selection of a jury commenced. The next day, after consultation with counsel, Appellant entered a negotiated guilty plea to the charges of third-degree murder, aggravated assault, and possessing instruments of crime, generally, in exchange for which he received

1

a negotiated sentence of twenty-two and one-half to forty-five years' incarceration.[1] Said sentence was imposed upon Appellant immediately following his guilty plea hearing. Appellant did not file post-sentence motions or an appeal.

On November 18, 2014, Appellant filed *pro se* a timely petition pursuant to the Post-Conviction Relief Act (PCRA). 42 Pa.C.S. § 9541 *et seq*. Thereafter, on December 15, 2015, Appellant filed a *pro se* amended petition.[2] Gary S. Server, Esquire, was appointed to represent Appellant on February 2, 2016, and on December 2, 2016, Mr. Server filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988); Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and a Motion to Withdraw as Counsel. Upon reviewing the letter and the entire record, this Court, which was administratively assigned to the matter after Judge Ransom was appointed to the Superior Court, sent Appellant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Appellant filed a response thereto on March 16, 2017. On April 24, 2017, this Court issued an order dismissing defendant's PCRA petition and permitting counsel to withdraw. Subsequent thereto, petitioner filed a timely notice of appeal.

---

[1] The facts underlying Appellant's guilty plea indicate that on April 17, 2012, Appellant shot Shirkey Warthen four times after an argument. Appellant also shot and injured Lucrecia Phillips. A full recitation of facts were set forth on the record during the guilty plea hearing. (N.T. 12/3/13, 21-30).

[2] Craig M. Cooley, Esquire, entered his appearance on June 10, 2015. Judge Ransom permitted him to withdraw on January 13, 2016.

2

## DISCUSSION

In his PCRA *pro se* PCRA petition, filed November 18, 2014, Appellant first claimed that trial counsel provided him with ineffective assistance of counsel during the guilty plea hearing because he failed to adequately discuss the matter, including the facts of the case and the law applicable thereto, before advising Appellant to plead guilty. Appellant submitted that trial counsel's failure to do so caused him to enter a plea, unknowingly, unintelligently, and involuntarily. Appellant further claimed that trial counsel was ineffective for failing to discuss with him and honor his request that counsel file a post-sentence motion to withdraw the guilty plea and if the said motion was denied a notice of appeal.

In the amended petition Appellant filed *pro se* on December 15, 2015, Appellant again accused trial counsel of providing ineffective assistance of counsel for not filing a requested motion to withdraw the guilty plea. Appellant also claimed that trial counsel was ineffective because he did not object to the participation of Judge Ransom in the negotiations leading up to the guilty plea agreement reached between the defense and the prosecution. Appellant contended that comments made by Judge Ransom wherein the judge stated that her Honor would not be surprised if the jury returned with a first-degree murder conviction rendered his plea unknowing, unintelligent, and involuntary.

In reviewing the propriety of the PCRA court's dismissal of a petition

3

without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to

4

employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second

5

element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[c]laims of counsel ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." Commonwealth v. Yager, 685 A.2d 1000 (Pa. Super. 1996). (*en banc*). In order to obtain relief on a claim alleging that counsel provided ineffective assistance of counsel during a guilty plea hearing, a defendant must prove "a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea" by showing that he or she "was misled or misinformed and acted under that misguided influence when entering the guilty plea." Commonwealth v. Flood, 627 A.2d 1193, 1199 (Pa. Super. 1993). See also Commonwealth v. Allen, 833 A.2d 800 (Pa. Super. 2003) (claims alleging ineffectiveness in the entry of a guilty plea relief will be forthcoming only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea).

With regard to the claims raised in Appellant's *pro se* PCRA petition, in

6

ascertaining whether or not a defendant is entering his guilty plea knowingly, intelligently, and voluntarily, a trial court is obliged to ascertain whether; 1) the defendant understands the nature of the charges to which he was pleading guilty; 2) there is a factual basis for the plea; 3) the defendant understands that he has a right to a jury trial; 4) the defendant understands he is presumed innocent until he is found guilty; 5) the defendant is aware of the permissible ranges of sentences and/or fines for the offense charged; and 6) the defendant's aware that the judge taking the plea is not bound by terms of any plea agreement. See Commonwealth v. Culp, 382 A.2d 209 (Pa. 1978); Pa.R.Crim.P. 590. The mere fact that a defendant was under pressure at the time he entered his guilty plea is insufficient to vitiate the validity of the plea. Commonwealth v. Myers, 642 A.2d 1103, 1106 (Pa. Super. 1994).

When assessing whether a guilty plea was entered in accordance with the law, the reviewing court is free to look at the totality of the circumstances surrounding the entry of the plea. Commonwealth v. Allen, 732 A.2d 582, 588 (Pa. 1999); Commonwealth v. Muhammad, 794 A.2d 378, 383-384 (Pa. Super. 2002); Commonwealth v. Hodges, 789 A.2d 764 (Pa. Super 2002). It is further noted that a defendant is obliged to tell the truth during a guilty plea hearing. Commonwealth v. Cappelli, 489 A.2d 813 (Pa. Super. 1985

With regard to Appellant's claim that his plea was not entered knowingly,

7

intelligently and voluntarily because counsel failed to discuss the matter with him, the record herein shows that after jury selection had commenced and the Commonwealth amended its initial offer in Appellant's favor, Appellant, underwent a lengthy colloquy during which he averred, *inter alia*, that he was not under the influence of a mind altering substance, he discussed with counsel the evidence and possible defenses, the right to a jury trial, the right of cross-examination, the right to present evidence, the terms of the plea offer, the right to litigate pre-trial motions, and the limited appellate rights available to him if he pleaded guilty. (N.T. 12/3/13, 11-17). Appellant also stated that he discussed the option of entering a guilty plea with his mother before deciding to do so and that he was satisfied with trial counsel's representation. (N.T. 12/3/13, 18). Finally, Appellant stated that he was entering his plea of his own free will and that no one forced or threatened him to enter the plea. Under the totality of circumstances, it is clear that trial counsel was not ineffective for the reason stated by Appellant because the record shows that Appellant's plea was entered knowingly, intelligently, and voluntarily following extensive discussions with his lawyer and his mother. Appellant cannot now obtain relief by saying that he lied during the guilty plea hearing and thereby disavow what he swore to on the record. Therefore, it is suggested that if Appellant raises this claim on appeal it be deemed

8

lacking in merit.[3]

Appellant's assertion that trial counsel was ineffective for failing to abide by his request that counsel file a motion to withdraw the guilty plea was held lacking in merit first, because Appellant provided no support for the claim other than his self-serving claims. See Commonwealth v. Spotz, 18. A.3d 244, 265 (Pa. 2011) (affirming rejection of ineffectiveness claim where it "was supported only by [defendant's] own self-serving testimony"); see also Commonwealth v. Gonzalez, 840 A.2d 326, 331 (Pa. Super. 2003) (*en banc*) (refusing to find counsel ineffective where there was no evidence that Gonzalez "requested counsel to file a motion to withdraw his plea or made counsel aware of any grounds to support" such a motion).

Even had Appellant provided proof that he did ask counsel to file a motion to withdraw the guilty plea, this Court would have dismissed the claim. The failure to file a post-sentence motion does not render counsel *per se* ineffective. Commonwealth v. Reaves, 923 A.2d 1119, 1132 (Pa. 2007). Rather, to obtain relief on such a claim a defendant must first prove that he timely asked counsel to file a post-sentence motion. Commonwealth v. Cook, 547 A.2d 406, 408 (Pa.

---

[3] It is noted that evidence that a plea was entered knowingly and voluntarily may be based on the fact that the defendant benefited from a plea bargain negotiated on his behalf. See Commonwealth v. Khorey, 555 A.2d 100, 106 (Pa. 1989); Commonwealth v. Shaffer, 446 A.2d 591, 597 (Pa. 1982); Commonwealth v. Lee, 333 A.2d 749, 750 (Pa. 1975); *see also* Commonwealth v. Stork, 737 A.2d 789, 791 (Pa. Super. 1999) ("The desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of the plea.").

9

Super. 1988); see also Commonwealth v. Bath, 907 A.2d 619, 622 (Pa. Super. 2006) ("counsel cannot be faulted for failing to perform an action that [defendant] never requested"). As noted above, Appellant failed in this endeavor.

A defendant must also establish that he suffered prejudice; *i.e.* that the court would have granted the motion if it had been timely filed. Reaves, 923 A.2d at 1132; Commonwealth v. Fransen, 986 A.2d 154, 158 (Pa. Super. 2009). Instantly, that would have required Appellant to establish that the denial of a motion to withdraw his plea amounted to a manifest injustice, Commonwealth v. Prendes, 97 A.3d 337,352 (Pa. Super. 2014). *i.e.*, that his plea was entered unknowingly or unintelligently. See Commonwealth v. Pollard, 832 A.2d 517, 522 (Pa. Super. 2003); see also Commonwealth v. Bedell, 954 A.2d 1209, 1212 (Pa. Super. 2008) (once a defendant pleads guilty, "it is presumed that he was aware of what he was doing"). As noted in the discussion of Appellant's first claim, the record clearly shows that he entered his plea knowingly, intelligently, and voluntarily. Consequently, it is clear that this Court properly dismissed this claim and it is suggested that said decision be affirmed on appeal. See Commonwealth v. Munson, 615 A.2d 343,350 (Pa. Super. 1992) (counsel held not to be ineffective for failing to file a motion to withdraw a plea because the guilty plea colloquy "established conclusively" that the plea was knowing, voluntary, and intelligent; "counsel cannot be deemed ineffective for failing to file an obviously meritless

10

motion"); <u>Commonwealth v. Zorn</u>, 580 A.2d 8, 12-13 (Pa. Super. 1990) (counsel was not ineffective for failing to file a motion to withdraw a guilty plea because there was "no manifest injustice... justifying withdrawal").

The ruling finding Appellant's claim that trial counsel was ineffective for not objecting to Judge Ransom's participation in plea negotiations does not entitle him to appellate relief because the record shows that the trial court did not participate in plea negotiations and simply commented on the fact that Appellant faced a possible life sentence if convicted of first-degree murder after plea negotiations had concluded. Therefore, relief was properly denied with respect to this claim.

Although Appellant correctly asserted in his filings that a trial judge is prohibited from participating in the plea bargaining process, and the court's participation in a guilty plea and sentencing agreement can render a plea involuntary, <u>see</u> <u>Commonwealth v. Johnson</u>, 875 A.2d 328 (Pa. Super. 2005) (citing <u>Commonwealth v. Evans</u>, 252 A.2d 689, 690-691 (Pa. 1969)), there is no *per se* rule against encouraging guilty pleas, and the participation by a jurist in the plea bargaining process must be active to render a plea involuntary. <u>See</u> <u>Commonwealth v. Siers</u>, 464 A.2d 1307, 1310-1311 (Pa. Super. 1983) (citing <u>Commonwealth v. Sanutti</u>, 312 A.2d 42 (Pa. Super. 1973)). In addition, even if the trial court erroneously participated in plea discussions, a plea may nevertheless be

11

deemed voluntary if the defendant was not actually prejudiced by this involvement. See Commonwealth v. Vealey, 581 A.2d 217,221 (Pa. Super 1990). Thus the facts and circumstances surrounding the entry of the plea are determinative. As noted above, the record clearly shows that plea negotiations had ceased and that Appellant decided to tender a guilty plea before Judge Ransom became involved in the plea process. It also shows that Appellant entered his plea knowingly, intelligently, and voluntarily. Therefore, the decision to deny him relief on this claim should be affirmed.[4]

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the order entered by this Court denying PCRA relief be affirmed.

Date: 5/16/17

BY THE COURT,

Jeffrey P. Minehart, J.

---

[4]Before concluding, it is noted that in his response to the 907 notice, Appellant claims that he was never given an opportunity to file an amended petition pursuant to Pa.R.Crim.P. 905 because counsel filed a "flawed" no-merit letter. Appellant's 907 response at 4. This Court did not prevent or prohibit Appellant from filing any documents. As noted above, Appellant filed an amended petition on December 15, 2014. To the extent that Appellant claims that PCRA counsel was ineffective for not investigating and addressing all of his alleged claims, by failing to articulate the specifics of those claims and by not discussing those claims in relation to the ineffectiveness standards, Appellant waived review of those claims. See Commonwealth v. Bryant, 855 A.2d 726 (Pa. 2004) (holding that claims of ineffectiveness cannot be sustained in a vacuum).

12