J-S15036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS E. FRYE, JR. | : | |
| | : | |
| Appellant | : | No. 1377 EDA 2021 |

Appeal from the PCRA Order Entered June 7, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003007-2017

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED OCTOBER 18, 2022**

Dennis E. Frye, Jr. ("Frye") appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant factual and procedural history is as follows: Frye, then fifty-one years old, touched his fourteen-year-old step-niece's breasts, upper thighs, and buttocks, sent sexualized text messages to her, and engaged in sexual conversations with her. *See, e.g.*, N.T., 11/20/17, at 22-28. Following reports of the abuse, Frye twice met with police and gave incriminating statements, including admissions that he was sexually attracted to his step-niece and that he had sent the sexual text messages to her that officers recovered from his cell phone during their search of the phone's contents.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

*See id*. at 27-28. Officers charged Frye with several offenses arising from his contact with his step-niece, including, *inter alia*, criminal solicitation—statutory sexual assault. Frye's attorney ("plea counsel") filed two motions in which he moved to suppress the seizure and search of Frye's cell phone as well as the statements Frye gave to police. *See* Omnibus Pretrial Motion, 11/11/17; Supplemental Omnibus Pretrial Motion, 11/16/17.

After plea counsel filed the suppression motions, but before the motions were litigated, Frye pleaded guilty to criminal solicitation—statutory sexual assault, unlawful contact with a minor, criminal use of a communications facility, and indecent assault of a person less than 16 years of age. *See* N.T., 11/20/17, at 15. Prior to entering his plea, Frye completed both an oral and a written plea colloquy. During his oral colloquy, Frye affirmed that he was pleading guilty voluntarily and of his own free will; no one was forcing him to plead guilty; he understood his right to proceed to trial; he had sufficient opportunity to consult with plea counsel and discuss his decision to plead guilty; and that he was satisfied with his counsel's representation. *See id*. at 11, 14, 22. Frye also acknowledged that his plea was in exchange for the Commonwealth withdrawing three additional pending charges: indecent assault with a person less than 13 years of age; unlawful contact with a minor; and corruption of minors, defendant age 18 or above. *See id*. at 14-15.

Following Frye's plea, the court sentenced him to an aggregate sentence of seven-and-one-half to twenty years of incarceration. *Id*. at 45-46. This

Court affirmed the judgment of sentence on December 5, 2019. *See Commonwealth v. Frye*, 225 A.3d 1135 (Pa. Super. 2019) (unpublished memorandum). Frye did not petition our Supreme Court for *allocatur*.

Frye filed a timely *pro se* PCRA petition on July 16, 2020 in which he raised numerous claims of plea counsel's ineffectiveness. The PCRA court appointed counsel who filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and a petition to withdraw. PCRA counsel filed two supplemental "no merit" letters in April 2021. The PCRA court held two hearings on PCRA counsel's "no merit" letters and petition to withdraw to ensure that counsel had addressed each of the ineffectiveness claims Frye desired to raise. *See* N.T., 2/12/21, at 20; N.T., 6/7/21, at 17-19.[2]

---

[2] PCRA counsel addressed Frye's allegations in his first "no merit" letter, including Frye's claim that plea counsel should have moved to suppress the fruits of the search of Frye's cell phone. PCRA counsel reasoned that "[plea c]ounsel clearly recognized the potential issue as he filed a pretrial motion to suppress the evidence discovered on the cell phone. However, [Frye's] plea negated any ability to challenge the search . . .." "No Merit" Letter, 11/16/20, at 14. PCRA counsel likewise observed that plea counsel moved to suppress Frye's statements to police and explained that the motion to suppress the statements would likely have been unsuccessful. *See id*. at 15.

In the second "no merit" letter, PCRA counsel addressed, *inter alia*, Frye's claim that his sentence was illegal because the minimum sentence was not half of the maximum, as required by law. PCRA counsel explained, "[Frye] misunderstands the Sentencing Code . . .. The maximum sentence may be up to the statutory maximum permitted by law. The minimum sentence can
*(Footnote Continued Next Page)*

The PCRA court, finding Frye failed to raise any issues of arguable merit, denied relief. ***See*** N.T., 6/7/21, at 17-19; Order, 6/7/21. The court also granted PCRA counsel's petition to withdraw. ***See*** N.T., 6/7/21, at 19; Order, 6/7/21. Frye filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Frye raises the following issues for our review:

1) Did the lower court abuse [its] discretion[] by denying relief based on an [involuntary guilty plea], when [plea] counsel . . . was ineffective and prejudicial for abandoning material suppressible issues, that [have] merit[,] [and] . . . advis[ing] [] Frye to plead guilty[,] when a suppression motion could have resulted in the suppression of evidence of [] Frye's guilt?

2) Whether the [PCRA court's] legal conclusion[] was erroneous, where trial counsel . . . was ineffective[] for failing to [object] to an illegal sentence, because the sentencing [j]udge's sentence of [seven-and-a-half] to [twenty] years is illegal, in that the minimum sentence imposed is not one-half of the maximum as required by the Sentencing Code 42 Pa.C.S.A. § 9756(b)?

3) Whether the [PCRA court] and [PCRA] counsel made critical errors . . . because the [PCRA court] permitted dual representation during the disposition of [] Frye's [PCRA] petition, and because appointed [PCRA] counsel violated his duty[,] in regard to Pa.R.Crim.P. 904(F)(2), to continue to represent [] Frye until the court ruled on his petition to withdraw?

Frye's Brief at VII (unnecessary capitalization and punctuation omitted; issues re-ordered for ease of disposition).

---

be up to one-half of the maximum imposed." Supplemental "No Merit" Letter, 4/30/21, at 8-9.

Our standard of review for an order denying PCRA relief is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa. Super. 2021) (internal citation omitted). Further, to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotations omitted).

In his first issue, Frye argues the PCRA court erred in denying his petition because plea counsel failed to pursue his meritorious suppression claims and advised him to plead guilty. Frye's Brief at 2. An allegation of ineffectiveness based on counsel's failure to file or litigate a suppression motion is distinct from whether counsel was ineffective for advising a defendant to accept a plea. The decision to litigate a suppression motion is a

- 5 -

matter of counsel's professional judgment, and "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018) (internal citation, quotations, and brackets omitted).[3] On the other hand, the "decision to enter a guilty plea is one of the fundamental decisions that must be decided by the criminal defendant." *Id*. at 1160. Therefore, when the issue is not whether counsel failed to file or litigate a suppression motion, but instead that counsel ineffectively advised the defendant to accept a plea, the question is whether the advice itself is constitutionally sound. As this Court has explained,

> [w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. In other words, a defendant need not be apprised of every possible suppression motion as a predicate to a finding that the plea was voluntary, because the decision to seek suppression is left to counsel as a matter of strategy in the event a plea bargain is not reached.

---

[3] Thus, when an allegation of ineffectiveness rests on a failure to file a suppression motion, the inquiry is "whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious. . . . [Further, the] prejudice inquiry [] requires the defendant to establish [] he would have filed the motion and proceeded to trial instead of accepting the plea . . .." *Johnson*, 179 A.3d at 1160; *accord Commonwealth v. Vealey*, 581 A.2d 217, 219 (Pa. Super. 1990) (noting that where the petitioner asserted that "trial counsel was ineffective in failing to file a pretrial motion to suppress an illegally obtained confession," the petitioner needed to demonstrate the confession was involuntary, the guilty plea was motivated by the confession, and that counsel "incompetently" advised him to plead guilty).

*Id*. (internal citation and quotations omitted). Following successful plea negotiations and a plea of guilty, a defendant is bound by his statements made during the plea colloquy. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015).

Frye argues that plea counsel filed suppression motions but "abandoned" all of the issues therein and advised him to plead guilty before obtaining rulings. Frye's Brief at 2.[4] He argues that the suppression issues were meritorious and that his guilty plea was induced by counsel's abandonment of his suppression issues. *See id*. at 12.

The PCRA court considered Frye's first issue and determined that this ineffectiveness claim lacked arguable merit "because he pled guilty, thereby waiving all claims and defenses other than those sounding in the jurisdiction of this court, the validity of the plea, and the legality of the sentence imposed." PCRA Court Opinion, 10/15/21, at 7. The PCRA court also observed that Frye "made the voluntary decision to plead guilty," and he completed an oral and written colloquy in which he stated he was pleading guilty voluntarily and of his own free will. *See id*.

Following our review, we agree with the trial court's determination that Frye's issue merits no relief, though our conclusion rests on slightly different

_____

[4] Frye presently focuses on the inculpatory statements he made to police during what he claims was a custodial interrogation without being informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and on the alleged illegal seizure of his cell phone. *See* Frye's Brief at 4-12.

grounds.[5] We observe that plea counsel filed suppression motions challenging the evidence of which Frye complains.[6] The issue is thus not whether counsel was ineffective for failing to pursue the suppression motions, but instead whether plea counsel's advice to Frye, concerning his guilty plea, was constitutionally infirm. *See Johnson*, 179 A.3d at 1160. Under this standard, Frye failed to carry his burden of demonstrating plea counsel's ineffectiveness. Frye fails to set forth what advice counsel gave him that was constitutionally unsound, and accordingly, he has not pleaded that counsel lacked a reasonable basis for his advice. *Cf. Johnson*, 179 A.3d at 1160 (requiring some showing that counsel's advice was "not within the range of constitutionally competent advice").

_____

[5] The PCRA court was correct insofar as it concluded that any challenges to the validity of his plea that Frye could have raised on direct appeal were waived for PCRA purposes. *See Johnson*, 179 A.3d at 1159 (citing, *inter alia*, 42 Pa.C.S.A. § 9544(b)). The court however failed to recognize that an allegation of ineffectiveness in connection with entry of a guilty plea may provide a basis for PCRA relief "if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013) (internal citation omitted). *Contra* PCRA Court Opinion, 10/15/21, at 7 (PCRA court determining that Frye waived his ineffectiveness claims by pleading guilty). However, this Court may affirm denial of PCRA relief on any legal grounds. *See Commonwealth v. Thompson*, 199 A.3d 889, 892 n.4 (Pa. Super. 2018).

[6] PCRA counsel correctly observed the same.

Frye additionally fails to address his prior binding statements during his colloquy that he was pleading guilty voluntarily and of his own free will, and that he had had adequate time to consult with plea counsel and was satisfied with his representation. **See Reid**, 117 A.3d at 783. Nor does Frye address the benefit he received by pleading guilty, namely, the *nolle pros* of several related charges. In sum, plea counsel is presumed effective, and indeed, based on the record, readily apprehended Frye's suppression issues. Frye failed to plead in his PCRA petition, and fails to explain now, how plea counsel's advice during plea negotiations was constitutionally defective. **See Johnson**, 179 A.3d at 1160; **accord Commonwealth v. Natividad**, 938 A.2d 310, 327, 329 (Pa. 2007) (stating that a boilerplate allegation in a PCRA petition that counsel lacked a reasonable basis is insufficient to satisfy the petitioner's burden). Frye is therefore due no relief.

Frye argues in his second issue that the PCRA court erred in denying him relief because plea counsel was ineffective for failing to object to an illegal sentence. According to Frye, his aggregate sentence of seven-and-one-half to twenty years of incarceration is illegal because the minimum is not one-half of the maximum. **See** Frye's Brief at 15.

The PCRA court considered Frye's issue and concluded it rests on a "mistaken . . . understanding of the Sentencing Code . . .." PCRA Court Opinion, 10/15/21, at 8. The court explained that the Sentencing Code provides that the minimum sentence of imprisonment shall not exceed one-

half of the maximum. *See id*. (citing 42 Pa.C.S.A. § 9756(b)(1)). The court further explained that the minimum sentence may be *up to* one-half of the maximum imposed. *See id*. at 8-9.

Based on our review, we conclude that the PCRA court committed no abuse of discretion in concluding plea counsel was not ineffective for failing to object to an illegal sentence. If the maximum sentence does not exceed the statutory maximum, the minimum sentence is legal, provided it does not exceed one half of the maximum imposed. *See Commonwealth v. Morrison*, 173 A.3d 286, 290 n.3 (Pa. Super. 2017); *see also* 42 Pa.C.S.A. § 9756(b)(1) (providing that "a minimum sentence of confinement . . . shall not exceed one-half of the maximum sentence imposed"). Counsel cannot be ineffective for failing to make a meritless objection. *See Commonwealth v. Philistin*, 53 A.3d 1, 18 (Pa. 2012). As Frye's sentencing claim is meritless, plea counsel was not ineffective for failing to raise it. Frye's second issue thus merits no relief.

Frye argues in his third issue that PCRA counsel denied him his right to counsel for his first PCRA petition. Pursuant to Pa.R.Crim.P. 904(C), a PCRA petitioner has the right to the assistance of counsel on a first PCRA petition:

> The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first.
>
> [Under *Turner/Finley*, i]f PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he

- 10 -

> must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless.

*Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citing, *inter alia*, *Turner*, 544 A.2d at 928-29).

Frye maintains PCRA counsel petitioned to withdraw and then failed to continue representing him until the PCRA court ruled on the motion. *See* Frye's Brief at 14. Frye likewise asserts the PCRA court erred by not appointing new counsel following PCRA counsel's "no merit" letter and petition to withdraw. *See id*. at 14-15. Frye also argues the PCRA court erred by permitting hybrid representation in that it considered the merits of his *pro se* petition notwithstanding that the court had appointed PCRA counsel. *See* Frye's Brief at 13.

The PCRA court declined to review this issue because, at the time of its opinion, a claim of ineffectiveness against first PCRA counsel could not be raised for the first time on appeal. *See* PCRA Court Opinion, 10/15/21, at 8. Five days after the PCRA court's opinion, our Supreme Court decided *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021), in which it held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." Though

this Court may remand for further development of the record, we may also dispose of newly-raised ineffectiveness claims against PCRA counsel if the record suffices. *See Bradley*, 261 A.3d at 402.

We discern that the record is sufficiently developed for our review of this issue. Accordingly, we will address Frye's claim of PCRA counsel's ineffectiveness. Our review of the transcripts from the PCRA hearings, as well as PCRA counsel's "no-merit" letters, reveal that PCRA counsel complied with *Turner*/*Finley*, in that he reviewed Frye's *pro se* petition, the record, Frye's claims, and, following his independent review, explained to Frye and the court his reasons for concluding the issues lacked merit. *See, e.g.*, N.T., 2/12/21, at 18 (PCRA counsel explaining that he had addressed, *inter alia*, the failure to litigate pretrial motions in the "no merit" letter); *see also* "No-Merit" Letter, 11/16/20 (twenty-one-page letter addressing Frye's claims). At the first hearing, PCRA counsel explained that he would review additional issues that Frye raised, and the court continued the matter for counsel to review Frye's additional claims. *See* N.T., 2/12/21, at 30 (PCRA court explaining that, following counsel's receipt of correspondence from Frye, "[w]hen he receives it, he'll review it . . . if it has some merit that requires a hearing, we'll have the hearing on it. If he believes it doesn't, he'll submit a letter to you, copy to me, I'll review it independently, and then we'll make a determination"). The PCRA court then convened a second hearing to ensure that PCRA counsel had addressed Frye's desired claims. After independent review, the PCRA

court concluded PCRA counsel had adequately addressed Frye's claims. Thus, the PCRA court denied relief. *See* N.T., 6/7/21, at 17-20;[7] *see also* Supplemental "No-Merit" Letter, 4/30/21 (thirteen-page supplemental letter addressing Frye's additional claims); Second Supplemental "No-Merit" Letter, 4/30/21. Frye's generalized argument moreover does not specify which of his claims have merit that PCRA counsel failed to address adequately, thereby prejudicing him. Frye accordingly fails to show that PCRA counsel was ineffective for not complying with *Turner*/*Finley*.[8]

---

[7] Frye's claim that the PCRA court erred in permitting hybrid representation is meritless. Hybrid representation is not permitted, and, therefore, while represented by counsel, "*pro se* motions have no legal effect and . . . are legal nullities." *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (internal citations omitted). The PCRA court explained that it did not entertain or rule on any of Frye's *pro se* motions between the *pro se* filing, and the court's later denial, of the PCRA petition. *See* PCRA Court Opinion, 10/15/21, at 7-8. Moreover, to the extent that the court reviewed Frye's filings, the court simply directed PCRA counsel to address the matters. *See, e.g.*, N.T., 2/21/21, at 19-22 (PCRA court directing Frye to send materials to PCRA counsel for the latter's review).

Frye's argument that the lower court erred by considering the merits of his *pro se* petition is also meritless. The PCRA court is obliged to consider the claims in Frye's petition, along with the "no-merit" letter, before conducting its own independent review, prior to issuing a ruling. *See Finley*, 550 A.2d at 215.

[8] Frye cites *Commonwealth v. White*, 871 A.2d 1291 (Pa. Super. 2005) in support of his claim that PCRA counsel was derelict. However, *White* is distinguishable because it did not involve PCRA counsel filing a "no merit" letter, but instead litigating an evidentiary hearing and then taking no action to preserve the petitioner's rights post-hearing. *Contra* Frye's Brief at 14.

*(Footnote Continued Next Page)*

Having found no merit to any of Frye's ineffectiveness claims, we affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022

---

Frye also cites **Commonwealth v. Willis**, 29 A.3d 393 (Pa. Super. 2011) in support of his argument that PCRA counsel failed to represent him during an evidentiary hearing. We also find **Willis** inapt. There, PCRA counsel moved to withdraw from representation, the court denied the motions to withdraw, and proceeded to hold evidentiary hearings. PCRA counsel in **Willis** failed to call a witness on his client's behalf, actively argued against his client in his direct examination, and declined to cross-examine a Commonwealth witness. **See Willis**, 29 A.3d at 397-98. **Willis** is distinguishable because, here, there was no evidentiary hearing on Frye's petition at which PCRA counsel failed to represent him. The record reveals that the PCRA court convened these hearings, following PCRA counsel's review of his issues, for the purpose of informing Frye of whether his asserted claims "[have] merit, and then there's a hearing, or **to advise you that there is no merit** . . .." N.T. 2/12/21, at 20 (emphasis added). **Contra** Frye's Brief at 15. The PCRA court held these hearings in an abundance of caution to ensure that appointed counsel reviewed Frye's claims and to inform Frye that the claims raised lacked merit. These were not evidentiary hearings where evidence was offered in support of, or against, the petition.

- 14 -